698 So.2d 442 (1997)
Rebecca SELVAGE
v.
ROBERT LEVIS CHEVROLET, INC., Glenn Duffard, Motors Insurance Corporation and ABC Insurance Company.
No. 96-CA-1035.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 1997.
*443 Ronald P. Thibodeaux, Giles J. Duplechin, Duplechin & Associates, Gretna, for plaintiff-appellant.
Scott W. McQuaig, W. Chad Stelly, Metairie, for defendants-appellees.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
*444 GRISBAUM, Judge.
This appeal relates to a personal injury action resulting from an automobile accident. We affirm in part, reverse in part, and remand.

BASIC RECORD FACTS AND PROCEDURAL HISTORY
This matter arises out of an automobile accident, which occurred at approximately 12 midnight on July 21, 1994, on the elevated portion of the Westbank Expressway in Jefferson Parish. It is certain that the car of the appellee, Glenn Duffard, struck the rear end of the car driven by appellant, Rebecca Selvage. The appellant contends that she constantly was driving in the middle lane when Duffard's automobile slammed into hers. Appellee, who was intoxicated at the time of the accident with a blood alcohol level of .212, claims that appellant changed lanes, causing his vehicle to strike hers. As a result of the collision, appellant's car was propelled 200 feet forward into the right concrete guardrail. Her car then skidded along the concrete for 37 feet and then ricochetted across all three lanes, finally smashing head on into the opposite guardrail on the left side, causing the front tires to climb on the concrete railing.
Appellant was taken to Charity Hospital where her injured hands were wrapped with bandages and she was given some pain medication. Dr. Earl Sudderth, appellant's primary care physician, referred her to various medical specialists to treat her particular complaints. Dr. Peter Skov, an ophthalmologist, treated her for broken blood vessels in her left eye. Dr. Robert Fleming, an orthopedic surgeon, treated her for injuries to her wrist, shoulders, and back, including Carpel Tunnel Syndrome. Dr. Dhanpat Mohnot, a neurologist, treated her for headaches diagnosed as post-traumatic headaches. Dr. Francis Alessi, a thoracic surgeon, treated her for upper extremity injuries diagnosed as Thoracic Outlet Syndrome. Dr. Brian Jordan, a clinical psychologist, treated her for her constant nightmares of her car flipping over the elevated expressway.
After a trial on the merits, the jury awarded appellant $54,000.00 in past medical expenses; $16,000.00 for future medical expenses; $51,000.00 for past and future physical pain and suffering; $29,000.00 for past and future loss of wages; and $0 for past and future mental anguish. The jury further found appellant to be 25 percent comparatively negligent in causing the accident.
On April 24, 1996, appellant filed a Motion for Judgment Notwithstanding the Verdict, Motion for New Trial and in the alternative a Motion for Additur. These motions were denied by the trial court.
The appellant now takes this appeal.

ISSUES
We are called upon to review the percentage of fault assigned to the appellant, along with all aspects of damages and, more specifically, past medical expenses, general damages, punitive damages, and the final question of whether the trial court abused its discretion in the setting of fees for expert witnesses.

ISSUE ONE
Regarding fault, the record shows Trooper John Hunter testified that the right front of appellee's vehicle struck the left rear of appellant's vehicle. Trooper Hunter further testified that he determined appellant's vehicle was fully in the middle lane at the time of impact due to the gouge in the roadway. Additionally, appellee was intoxicated and testified that appellant's car "appeared out of nowhere."
In light of this evidence, we find that the jury was manifestly erroneous in not concluding appellee to have been 100 percent at fault in causing this accident. As such, the finding of the trial court concerning the fault of the parties is reversed, and the appellee is found to have been the sole cause of the accident.

ISSUE TWO
The record shows that past medical expenses being claimed by appellant amount to $62,663.15, while the jury only awarded $54,000.00. What is at issue here is whether reasonable minds could differ as to the amount of medical expenses incurred by the appellant, which were caused by this accident and thus affirm the jury's award. The record reflects that the appellant neglected to tell several of her treating physicians that *445 she suffered from many of these symptoms prior to the accident in question. Furthermore, Dr. Jordan, who was appellant's clinical psychologist, was surprised to find out, we see, that appellant had previously attempted suicide and had been recommended to seek counseling at that time. Additionally, Dr. Skov, her ophthalmologist, had not been informed that appellant had previously consulted a neurosurgeon for black spot floating before her eyes.
Importantly, we note that, at the close of the trial, the jury, appropriately so, was instructed, that it should decide "whether plaintiff would probably not have suffered the claimed injuries in the absence of defendant's conduct." In light of this instruction and the factual scenario presented, we cannot say the jury was unreasonable in concluding that appellant was not entitled to the full amount of her claimed medical expenses.

ISSUE THREE
While the jury awarded appellant $51,000.00 for past and future physical pain and suffering, the jury gave the appellant nothing for past and future mental anguish, including embarrassment from scarring. Appellant alleges that these awards are somehow inconsistent and, thus, clearly wrong. We agree.
Appellant, who is a 23-year-old young lady, now has four scars on her body, which she must live with for the rest of her life. Additionally, there was testimony from Dr. Jordan concerning the anxiety and anguish suffered by appellant. Accordingly, the trial court should have awarded appellant damages for mental anguish, including embarrassment from scarring. As such, we remand this matter to the trial court for a determination of the proper amount of damages to be awarded.

ISSUE FOUR
Regarding exemplary damages, La. Civ. Code art. 2315.4, in pertinent part, states:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
It should first be noted that appellee's blood alcohol level was .212, over twice the legal limit. Dr. Francis Ragan testified that a level of .212 required appellee to have drunk eight or nine beers, perhaps more.
With this testimony in mind, this Court finds that appellee acted with wanton and reckless disregard to the safety of others. Clearly, any reasonable person should have realized that operating an automobile with such a high level of alcohol in his system is likely to cause harm to others. Yet appellee proceeded with a conscious indifference to the consequences of his actions.
It seems to this Court that appellee's conduct in this matter is precisely the type of activity La. Civ.Code art. 2315.4 was enacted to discourage. Therefore, as a matter of public policy, after strictly considering the facts of this case, we find the jury abused its discretion in not awarding appellant exemplary damages. As such, the matter is hereby remanded to the trial court for a determination of the appropriate amount of punitive damages.

ISSUE FIVE
Expert fees in the amount of $7,800.00 were submitted by appellant. However, the trial court reduced this amount and awarded $3,450.00.
La. R.S. 13:3666, in pertinent part, provides:
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon *446 being made absolute by the trial court shall form part of the final judgment in the cause.
Generally, the amount and fixing of expert fees lie within the sound discretion of the trial court and will not be disturbed in the absence of an abuse of discretion. Albin v. Ill. Cent. Gulf R.R. Co., 607 So.2d 844 (La.App. 1st Cir.1992). Factors to be considered by the trial judge in setting an expert witness fee include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Id.
Taking these factors into account, we cannot say the trial court abused its great discretion in setting the expert witness fees.
We find the jury was manifestly erroneous in not finding appellee to be 100 percent at fault in causing this accident. As such, the finding of the trial court concerning the fault of the parties is reversed, and the appellee is found to have been the sole cause of the accident. Additionally, we find the trial court erred in not awarding appellant damages for past and future mental anguish or exemplary damages due to appellee's intoxication. Accordingly, this matter is remanded to the trial court for a determination of the appropriate amount of each set of damages. In all other respects, the judgment of the trial court is hereby affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
CANNELLA, J., concurs in part and dissents in part with reasons.
CANNELLA, Judge, concurring in part and dissenting in part.
I concur in the majority opinion insofar as it finds that the jury erred in not awarding appellant damages for past and future mental anguish or punitive damages. However, I disagree with the decision insofar as it orders the case remanded for the trial court to determine the damage award. With a complete record before this court, the determination of the amount of damages appropriate under the facts presented should be made by this court and judgment rendered accordingly.