848 So.2d 96 (2003)
Charles YUSPEH, Julie Y. Benson, Joel Y. Ashner and Wallace Murphy
v.
Hansen E. KOCH, David E. Koch, Certified Security Systems, Inc., CSS Acquisition, L.L.C. and Michael Ditcharo.
No. 02-CA-1179.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
Rehearing Denied July 9, 2003.
*98 Michael H. Rubin, Justin M. O'Brien, McGlinchey Stafford, PLLC, Baton Rouge, LA, Harry Rosenberg, Phelps Dunbar, L.L.P., New Orleans, LA, William W. Hall, William W. Hall & Associates, Metairie, LA, for Appellants.
Keith R. Credo, Metairie, LA, Joseph R. Ward, Jr., Lynn H. Frank, New Orleans, LA, for Appellees.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
Defendants, Hansen Koch and David Koch, appeal from the trial court judgment setting costs and fees in the lawsuit in which judgment was rendered in favor of Plaintiffs, Charles Yuspeh, Julie Benson, Joel Ashner and Wallace Murphy. For the reasons which follow, we amend the judgment and, as amended, affirm.
By way of background, Plaintiffs, minority shareholders in a closely held corporation, Certified Security Systems, Inc. (CSS), filed suit for breach of fiduciary duty against Defendants, majority shareholders of CSS, for losses they suffered as a result of a "freeze out" merger that was approved by the majority shareholders. Following a jury trial, judgment was rendered in favor of Plaintiffs for approximately $4 million dollars. Defendants suspensively appealed. On appeal, this Court conducted a de novo review and reduced the damage award in favor of Plaintiffs to approximately $365,000, remanding the case for a hearing to set attorneys fees. Yuspeh v. Koch, 02-0698 (La.App. 5th Cir.2/25/03), 840 So.2d 41.
Meanwhile, on March 22, 2002, Plaintiffs filed a rule to assess costs, seeking an award in the amount of $70,393.85. Following arguments on the rule, the trial court rendered judgment on September 19, 2002 rejecting some of the costs sought by Plaintiffs and ultimately awarding them $38,285.08. It is from this cost assessment that Defendants appeal.
On appeal, Defendants take issue with two specific items in the cost award, (1) $17,302.34 assessed as the expert witness fee for Mark Gronowski (Gronowski), and (2) $11,925 assessed as the expert witness fee for Harold Asher (Asher).
There is no dispute about the law applicable to the award of costs. La. R.S. 13:4533 provides:
The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Generally, expert witness fees attributable to trial testimony or depositions introduced as evidence at trial are recoverable as costs. Smith v. Roussell, 00-1672 (La.App. 1st Cir 6/22/01), 808 So.2d 726. Expert witness fees for time spent in preparation for that testimony are also recoverable. Smith, supra; Orea v. Scallan, 32,622 (La.App. 2nd Cir.1/26/00), 750 So.2d 483. However, fees for time spent in consultation and other matters that simply benefit the attorney are not properly taxed as costs. Smith, supra. Further, the amount of the expert witness fees must be reasonable. The amount actually charged by the expert does not determine the amount to be taxed as costs. Mossy Motors, Inc. v. Sewerage and Water Bd. Of City of New Orleans, 01-0486 (La.App. 4th Cir.9/19/01), 797 So.2d 133, writs denied, 01-2809 (La.1/4/02), 805 So.2d 203. The factors to be considered by the trial judge *99 in setting expert witness fees to be taxed as costs include time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of work performed, the knowledge, attainments and skill of the expert (Selvage v. Robert Levis Chevrolet, Inc., 96-1035 (La. App. 5th Cir.7/29/97), 698 So.2d 442), the helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and the awards in similar cases. Albin v. Illinois Cent. Gulf R. Co., 607 So.2d 844 (La.App. 1st Cir.1992). The trial court is afforded great discretion in awarding costs, including expert witness fees, and the costs awarded will not be set aside absent a showing of abuse of that discretion. Smith, supra; Mossy, supra; Orea, supra; Selvage, supra; Garlepied Transfer, Inc. v. Guaranty Bank and Trust Co., 94-549 (La.App. 5th Cir.5/30/95), 656 So.2d 728.
Defendants contend that the expert fees set in this case were set in error and should be amended. They argue that they were not reasonable and were not based solely on time spent for trial testimony and preparation. They support this argument with the fact that each expert only testified for approximately three hours and yet fees were set in excess of $38,000.
Plaintiffs argue that the trial court was well within its discretionary bounds in setting the expert witness fees. The trial court analyzed the fee request and the submitted bills. The trial judge, having presided over the lengthy trial, was well aware of the complexity of the issues in the case and the time reasonably necessary for preparation by the expert witnesses. There is no showing that the trial court abused its discretion in setting the expert fees.

Fees for Gronowski
Plaintiffs requested, and the trial court assessed fees for Gronowski in the amount of $17,302.34, which was the entire amount paid to Gronowski for his services. Defendants argue that this was error. First, they argue that an amount of $3,980 was designated as relating to his deposition. Gronowski's deposition was not used at trial and, therefore, this amount should not be recoverable. Likewise, Defendants argue that reimbursement of $1,400 for the time that he spent reviewing and critiquing the expert report by Plaintiffs' expert, John Rooney (Rooney), is not recoverable, because it was litigation assistance and not trial testimony preparation time. Defendants also argue that the $4,000 paid to Gronowski for access to his database, which was excluded from trial, is not a recoverable cost. Finally, Defendants take issue with $171 assessed for an airline ticket in May of 2001, when trial was in February of 2002.[1]
Plaintiffs argue, to the contrary, that the trial court was in the best position to know what fees were reasonable, considering all the circumstances, and the fees assessed herein should be affirmed because an abuse of the trial court's great discretion in assessing fees has not been shown. Gronowski was called upon to give complex, expert testimony on the valuation of alarm security companies based on industry valuation methodology and the market for alarm companies in the New Orleans area at the time of the merger. An in-state expert in this area was not available. Plaintiffs argue that the database that Gronowski used to arrive at some of his conclusions was discussed at trial, with the Defendants opening the door after the trial *100 court's ruling excluding it. Thus, the award of $4,000 for use of the database was not an abuse of discretion. Plaintiffs also argue that the $1,400 awarded for the time Gronowski spent reviewing Rooney's report was in preparation for trial testimony and therefore properly awarded. The Rooney report was a challenge to Gronowski's methodology and conclusions and, therefore, understanding and preparing a response to it was preparation for trial.[2] Similarly, Plaintiffs argue that preparation for his deposition is compensable because such preparation is also preparation for trial that he would have had to do anyway. Further, Plaintiffs argue that the questions raised in deposition assisted Gronowski in preparation for his trial testimony.
As stated above, this Court has held that the trial judge may assess the costs of a suit in any equitable manner and his assessment of costs can only be reversed by this Court upon a showing of abuse of discretion. The trial court set the expert fee for Gronowski at $17,302.34. While Defendants have raised questions about some of the fees awarded, Plaintiffs have explained all of the expenses in relation to trial testimony preparation except for the $4000 fee for use of the private database, which was excluded in trial. Therefore, although this was mentioned at trial, we do not find that the database was used at trial to assist the trial court. Rather, we find that the inclusion in the expert fee of the $4000 for use of the private database was beyond that legally permitted as "used on the trial." However, as to the rest of the fees assessed, the trial court gave considered reasons for its judgment and, we do not find that the trial court abused its wide discretion in this area in awarding the remainder of the expert fee of $13,302.34 for Gronowski.

Fees for Asher
The trial court set expert fees for Asher in the amount of $11,925 and rejected over 2/3 of the amount requested. Defendants still argue that the amount awarded is not supported by the record, namely, less than three hours of testimony at trial. They argue that the documentation in support of Asher's fees is conclusory and perfunctory.
Plaintiffs counter that Asher's testimony was vital. The documents reviewed and the complexity of the case, all within the knowledge of the trial judge, warrant the award. Further, they point out that Asher prepared twice for his trial testimony because the Defendants' expert issued a supplemental report shortly before trial. There is no showing of abuse of discretion in the trial court's award of $11,925.
Again, it is noted that a trial court's setting of costs will only be disturbed by this Court to the extent they are deemed an abuse of discretion. The trial court reduced the requested amount by over 2/3. In doing so, he surely considered the lack of specificity in Asher's billing. However, the trial judge was also well aware of the complexity of the case, the multitude of documents that were reviewed and Asher's contribution to the trial court's understanding of the issues. While the Defendants have raised some general objections to the award, those objections, when viewed in the light of Plaintiffs' response, do not rise to the level of establishing abuse, by the trial court, of its wide discretion in awarding costs. This case was lengthy, with the trial lasting several days and the valuation issues were very complex. Accordingly, we find no *101 abuse of discretion in the award of $11,925 for expert fees for Asher.
Based on the foregoing, we amend the trial court judgment, reducing the fee awarded to Gronowski by $4,000, and as amended, we affirm the rest of the trial court judgment in favor of Plaintiffs and against Defendants, setting costs in the amount of $34,285.08. Each party is to bear its own costs of appeal.
AMENDED AND AFFIRMED.
NOTES
[1] We note that the argument raised in the trial court was general excessiveness of the fee and did not set out the particulars raised in this Court.
[2] Although the trial court ruled that Rooney's testimony and report were not admissible, it was proffered at trial. That ruling was reversed on appeal and the proffered evidence was considered in the de novo review.