SUSAN M. CHEHARDY, Judge.
 

 |2In this appeal, Rauch-Milliken International, Inc. (“Rauch-Milliken”) seeks review of the costs awarded to the prevailing parties, Jay Bernard Halprin, Tammy Osborne, and the Anderson Group (“Anderson Group”). For the following reasons, we affirm.
 

 On October 20, 2008, trial of the underlying matter commenced.
 
 [1]
 
 On December 15, 2008, Judge Zeno entered judgment in favor of the Anderson Group, dismissing Rauch-Milliken’s lawsuit at its cost. Reasons for Judgment were not supplied.
 

 On December 29, 2008, the Anderson Group filed a Motion to Tax Costs. Shortly after the motion, the original trial judge retired from the bench.
 

 On March 16, 2009, the newly-elected judge heard the Motion to Tax Costs. At the costs hearing, the Anderson Group introduced testimony from trial counsel, Joelle F. Evans, and expert witnesses, John McMahon, and J. Stuart Wood. Ms. IsEvans testified to the veracity and authenticity of the documents submitted reflecting defendants’ costs for depositions, copying, and court filings. Mr. McMahon, who is an accounting expert appointed by the trial court, testified about his work on the case and subsequent fees. Mr. Wood, an economist retained by the Anderson Group, also testified as to his work and fees. Thereafter, the trial judge awarded costs of $60,144.40 to the Anderson Group.
 

 Subsequently, Rauch-Milliken filed a Petition for Appeal of the April 14, 2009 Judgment and a Motion for New Trial and Nullity of Judgment. The trial court immediately granted the appeal. Rauch-Mil-liken’s Motion for New Trial and Nullity of Judgment was set for hearing and continued at Rauch-Milliken’s request to August 31, 2009. Anderson Group opposed the Motion for New Trial, which the trial court denied after a hearing.
 

 On appeal, Rauch-Milliken seeks reduction of the trial court’s award to the Anderson Group for costs. In five assignments of error, Rauch-Milliken challenges the award of expert witness fees, court filing fees, document copying costs and deposition costs.
 
 [2]
 

 La. C.C.P. art. 1920 provides that:
 

 
 *882
 
 Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
 

 The trial judge has great discretion in awarding costs, and his assessment of costs can be reversed by the appellate court only upon a showing of an abuse of discretion.
 
 Westley v. Allstate Ins. Co.,
 
 05-100 (La.App. 5 Cir. 5/31/05), 905 So.2d 1127;
 
 Treen Const. Co., Inc. v. Schott,
 
 03-1232 (La.App. 5 Cir. 1/27/04), 866 So.2d 950, 957-958;
 
 Cajun Electric Power Coop, v. Owens-Coming Fiberglass Corp.,
 
 580 So.2d 465 (La.App. 5 Cir.1991).
 

 In this matter, the underlying judgment is in favor of the Anderson Group, “dismissing Plaintiffs petition at their costs.” For clarity, we will address each category of costs challenged by Rauch-Milliken, rather than addressing its assignments of error in the order listed in its brief.
 

 Expert Witness Fees
 

 La. R.S. 13:4533 reads, “The cost of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.”
 
 [3]
 
 Furthermore, La. R.S. 13:3666, which codifies procedures for taxing expert witness fees, reads in pertinent part:
 

 A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
 

 B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
 

 (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
 

 (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
 

 | ,-,The amount fixed for expert fees is a matter within the discretion of the trial court and should not be disturbed on appeal, absent a showing of manifest abuse of that discretion.
 
 Ellis v. Allstate Ins. Co.,
 
 453 So.2d 1209 (La.App. 5 Cir.1984).
 

 In its first assignment of error, Rauch-Milliken argues that trial judge erred in awarding expert witness fees that were
 
 *883
 
 unrelated to the expert’s testimony and fees charged by experts for consulting with the Anderson Group’s attorneys. In their fourth assignment of error, Rauch-Milliken argues that the trial judge erred in awarding expert witness fees despite the Anderson Group’s failure to prove the testimony’s probative value.
 

 Rauch-Milliken argues that expert testimony that has no probative value or is irrelevant is not taxable.
 
 [4]
 
 Moreover, it argues that only work performed by the expert gathering information necessary for testimony may be taxed.
 
 [5]
 
 According to Rauch-Milliken, Mr. McMahon and Dr. Wood acknowledged that they had no idea of the probative value the original trial judge gave to their experts’ testimony. Rauch-Milliken, relying on
 
 Allstate Enterprises, Inc. v. Brown,
 
 39,467 (La.App. 2 Cir. 6/29/05), 907 So.2d 904 contends, that, ‘Without such determination, the granting of any of these items is impermissible pursuant to both the applicable statutes and the jurisprudence.”
 

 First, we note that the appellant, Rauch-Milliken, designated the record for this appeal and chose not to include the transcript of the trial on the merits. The record as designated on appeal contains only the transcript of the hearing on the Anderson Group’s Motion to Tax Costs.
 

 | ,At that hearing, John McMahon, an expert accountant who was appointed by the Court, testified regarding his extensive work on this case. He and a second Court-appointed expert categorized 61,000 potential, present, and past national and international clients of Rauch-Milliken and the Anderson Group, to determine whether Halprin and Osborne (now Anderson Group employees) breached the non-compete clauses of their employment agreements with Rauch-Milliken.
 

 To determine if the agreement was breached, the two accountants researched the parties’ “top-secret” lists of national and international clients to determine if they overlapped, and then compiled reports on their findings. Mr. McMahon testified that he worked between 150 and 200 hours on this case over a five-year period at the direction of Rauch-Milliken and the Anderson Group. Although Rauch-Milliken argues that Mr. McMahon’s fees were not properly documented, we found copies of his bills that were introduced into evidence at the costs hearing that adequately substantiate Mr. McMahon’s hours and fees in this case.
 

 Also, at the costs hearing, J. Stuart Wood, the Anderson Group’s expert economist, testified regarding his work on this ease. Dr. Wood, who holds advanced degrees in engineering, economics, and finance, testified that he was hired to review the expert accountants’ reports.
 

 After review their reports, Dr. Wood determined that the accountants’ reports did not take into consideration that the non-compete agreement extended to only four parishes in Louisiana for the years 2001 and 2002. Further, the accountants’ report measured the “dollars placed” for collection, rather than the income allegedly lost by Rauch-Milliken. Furthermore, the accountants’ report set Rauch-Milliken’s damages for lost income without subtracting “the variable cost [i.e., overhead for salaries, office expenses, etc] that would have been incurred in generating the lost
 
 *884
 
 revenues.” In the end, Dr. Wood found that only two clients |7from the four parishes subject to the non-compete agreement that overlapped during the two-year non-compete period, which would mean a loss of “at most $370.00” to Rauch-Milliken.
 

 Although Rauch-Milliken argues that Dr. Wood’s testimony was not probative and his fees were not properly documented, we cannot agree. First, the record contains copies of his bills that were introduced into evidence at the costs hearing that adequately substantiate Dr. Wood’s hours and fees in this case. Second, his testimony directly supports the Anderson Group’s defense against Rauch-Milliken’s claim regarding the quantum of damage it sustained as a result of contract breaches by Halprin and Osborne.
 

 More to the point, the assessment of expert fees is based upon the unique findings and observations of the trier of fact.
 
 Smith v. Kansas City Southern R.R. Co.,
 
 02-1505 (La.App. 3 Cir. 5/28/03), 846 So.2d 980. The trial judge is afforded “great discretion .... in the taxing of expert fees.”
 
 Mitter v. Tourro Infirmary,
 
 03-1608 (La.App. 4 Cir. 4/21/04), 874 So.2d 265, 272. While we agree that the amount of expert fees awarded in this case is substantial, we find that the record before us supports the trial court’s award of expert witness fees to Mr. McMahon and Dr. Wood and, as such, there is no showing that the trial court abused its great discretion.
 
 Yuspeh v. Koch,
 
 02-1179 (La.App. 5 Cir. 5/28/03), 848 So.2d 96.
 

 Filing fees
 

 In its second assignment of error, Rauch-Milliken argues that the trial judge erred in awarding filing fees to the Anderson Groups. Rauch-Milliken contends that the Anderson Group sought reimbursement for any filing fees incurred in the eight-year-long litigation, which had not previously been taxed.
 

 In its brief, Rauch-Milliken alleges that, the original trial judge did not grant costs related to the first summary judgment, when the motion was denied. Next, | xRauch-MiIliken alleges that the second trial judge awarded filings fees for the Anderson Group’s supervisory writ, which was eventually denied. Finally, Rauch-Milliken argues that the trial judge awarded costs for “housekeeping matters.”
 

 The Anderson Group correctly points out that, “The law makes no distinction on the purpose of the fee paid with respect to taxing the fee as costs.”
 
 See Delaney v. Whitney Natl. Bank,
 
 96-2144(La.App. 4 Cir. 11/12/97), 703 So.2d 709, 721 (all fees paid to the clerk of court are recoverable as “expressly granted by statute;” no “independent verifying proof’ is needed to prove the amount of clerk’s fees to be taxed.)
 

 Furthermore, La. R.S. 13:4533 reads, in pertinent part, “The cost of the clerk, sheriff, ... and all other costs allowed by the court, shall be taxed as costs.” We see no error in the award of filing fees in this matter.
 

 Copying costs
 

 In their third assignment of error, Rauch-Milliken alleges that the trial judge erred in awarding costs for copies. According to Rauch-Milliken, counsel for the Anderson Group admitted, at the cost hearing, that she did not have an itemized list of copies her firm made in preparation for trial or for use at trial and submitted “what was copied that month.”
 

 Our review of the transcript of the costs hearing reveals that Rauch-Milliken is mischaracterizing opposing counsel’s testimony. At the costs hearing, Anderson Group’s trial counsel stated that she submitted costs for copies made at her firm
 
 *885
 
 for this file for three months of this litigation, which she had been handling since January of 2006. Counsel stated that she submitted copying costs for February 2007, May 2007, and October 2008 because she knew that her firm reproduced documents including exhibits and bench books specifically used for motions and trial in those months.
 

 IgAgain, La. R.S. 13:4533 reads, in part, that, “The cost of ... copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.” The trial judge has great discretion in awarding costs, and his assessment of costs can be reversed by the appellate court only upon a showing of an abuse of discretion.
 
 Westley v. Allstate Ins. Co.,
 
 05-100 (La.App. 5 Cir. 5/31/05), 905 So.2d 1127. We see no abuse of the trial court’s discretion in awarding these copying costs in this litigation.
 

 Depositions
 

 In its final assignment of error, Rauch-Milliken argues that the trial judge erred in awarding deposition costs to the Anderson Group. However, the Anderson Groups points out that, in the Revised Evidentiary Stipulations dated October 28, 2008, the parties agreed to submit into evidence all deposition transcripts in lieu of live testimony. Furthermore, Anderson Groups notes that those deposition transcripts were filed into the record on October 29, 2008.
 

 Again, La. R.S. 13:4533 reads, in pertinent part, that, “The cost ... of taking depositions ... shall be taxed as costs.” See,
 
 Samuel v. Baton Rouge General Medical Center,
 
 99-1148 (La.App. 1 Cir. 10/2/00), 798 So.2d 126.
 

 Conclusion
 

 In conclusion, we find no error in trial court’s award of costs in this matter. The trial court judgment is, therefore, affirmed. All costs of the Motion to Tax Costs, Motion for New Trial, and this appeal are taxed solely against Rauch-Milliken.
 

 AFFIRMED.
 

 [1]
 

 . Rauch-Milliken sued Halprin, Osborne, and the Anderson Group (“Anderson Group”) for breach of employment contract, breach of fiduciary duty, misappropriation of trade secrets, unfair trade practices, and unjust enrichment. On October 20, 2008, trial commenced. Several experts testified and numerous documents and deposition testimony were presented by joint stipulation. After Rauch-Milliken rested its case, the Anderson Group moved for involuntary dismissal. The trial judge took the matter under advisement to review the evidence and the parties' post-trial memoranda. Although the trial judge subsequently denied Anderson Group's motion for involuntary dismissal, he granted judgment on the merits in favor of Anderson Group and dismissal of “Plaintiff's petition at their[sic] costs.”
 

 [2]
 

 . Specifically, Rauch-Milliken asserts: (1) the trial court erred in awarding expert witness costs, including costs for communication with
 
 *882
 
 counsel and costs unrelated to testimony; (2) the trial court erred in awarding costs, including costs that had previously been denied, costs for unsuccessful filings by the Anderson Group, and costs for “housekeeping” matters for which costs may not be granted; (3) the trial court erred in awarding copying costs for documents not shown to be used at trial; (4) the trial court erred in awarding expert witness fees for testimony despite the Anderson Group’s failure to prove the testimony’s probative value; and (5) the trial court erred in awarding costs of depositions despite the Anderson Group’s failure to prove the use or probative value of such depositions.
 

 [3]
 

 .
 
 Mount Mariah Baptist Church, Inc. v. Pannell’s Associated Elec., Inc.,
 
 36,361 (La.App. 2 Cir. 12/20/02), 835 So.2d 880, 892;
 
 Smith v. Roussel,
 
 00-1672 (La.App. 1 Cir. 6/22/01), 808 So.2d 726, 730.
 

 [4]
 

 .
 
 State, Through Dept. of Highways
 
 v.
 
 Colby,
 
 321 So.2d 878, 883 (La.App. 1st Cir.1975) (‘‘[expert witness] fees are not recoverable ... unless incurred in the presentation of evidence which aids the court in determining an issue or issues involved in the litigation.”).
 

 [5]
 

 .
 
 Wampold v. Fisher,
 
 01-0808 (La.App. 1 Cir. 6/26/02), 837 So.2d 638, 640;
 
 State Dept. of Highways v. Whitman,
 
 313 So.2d 918, 925 (La.App. 2d Cir.1975).