# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1261

## LLOYD FALGOUT

### VERSUS

## AMERICAN ALTERNATIVE INSURANCE CORPORATION, BAYOU CANE FIRE PROTECTION DISTRICT, AND KENNETH HIMEL

Smm by
CHH
CHH

Judgment Rendered: _JUN 27 2024_____

Appealed from the
32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 189008

The Honorable Timothy C. Ellender Jr., Judge Presiding

Tommy J. Badeaux
Metairie, Louisiana

Joseph L. Waitz, Jr.
Houma, Louisiana

Counsel for Plaintiff/Appellee,
Lloyd Falgout

T. Gregory Schafer
Timothy G. Schafer
New Orleans, Louisiana

Danna E. Schwab
Patricia Reeves Floyd
Houma, Louisiana

Counsel for Defendants/Appellants,
American Alternative Insurance
Corporation, Kenneth Himel, and
Bayou Cane Fire Protection District

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs

**MILLER, J.**

This matter is before us on appeal by defendants, American Alternative Insurance Corporation ("AAIC"), Bayou Cane Fire Protection District ("Bayou Cane"), and Kenneth Himel ("Himel"), from an August 8, 2023 judgment of the trial court granting Lloyd Falgout's motion to tax costs, and awarding same, as a result of the trial court's August 10, 2023 judgment awarding Falgout past medical expenses, future medical expenses, pain and suffering for shoulder injuries, and pain and suffering for neck and back injuries.[1] For the following reasons, we amend in part and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are more fully developed in the companion case to this appeal, <u>Lloyd Falgout v. American Alternative Insurance Corporation, Bayou Cane Fire District, and Kenneth Himel</u>, 2023-1291 (La. App. 1st Cir. __/__/__), __ So. 3d __, also handed down this date. Therein, we affirmed the trial court's August 10, 2023 judgment awarding Falgout $1,186,198.19.

Pertinent to this appeal, Falgout filed a "Motion to Tax Costs and Judicial Interest," seeking a total of $43,536.25.[2] After a hearing, the trial court awarded Falgout taxable costs in the amount of $20,178.25, which included $1,850.00 for G. Randolph Rice, PhD (economics expert); $3,500.00 for Larry S. Stokes, PhD (life care planning and vocational rehabilitation expert); $1,500.00 for Samer

---

[1] The trial court rendered its judgment on the merits in open court on June 21, 2023, and signed the judgment on August 10, 2023. The trial court rendered its judgment on the motion to tax costs in open court on July 24, 2023, and signed the judgment on August 8, 2023.

[2] On January 30, 2024, the appellants filed a motion to allow reference to documents that are contained in the record of the appellants' companion appeal (2023 CA 1291) and a motion for a second extension of time of file their brief. The motion for a second extension of time was signed by this court on January 30, 2024. However, no action was taken on the motion to allow reference to documents that are contained in the record of the appellants' companion appeal (2023 CA 1291). Thereafter, on February 9, 2024, the appellee filed a motion for leave to use the record in 2023 CA 1291. The motion was granted, allowing the appellee to use and cite the record in 2023 CA 1291 in the instant appeal. We note that Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14 provides that "[a]ny record lodged in the Court of Appeal may, with leave of court, be used, without necessity of duplication, in any other appeal or writ application." Further, on March 5, 2024, the appeals in 2023 CA 1261 and 2023 CA 1291 were consolidated for argument and submission only.

2

Shamieh, MD (orthopedist); $3,000.00 for Douglas Lurie, MD (orthopedist); $2,000.00 for Neil Duplantier, MD (orthopedist); $2,000.00 for Christopher Cenac, Jr., MD (orthopedist and independent medical evaluation); $305.89 for medical records costs; and $6,022.36 for court costs and deposition costs. The trial court signed its judgment on August 8, 2023.

AAIC, Bayou Cane, and Himel appealed, contending the trial court erred in awarding Falgout costs for several expert witnesses and the trial court erred in awarding costs of the transcript of a deposition that was not introduced at trial. Thereafter, Falgout filed an answer to the appeal, asserting the trial court erred in the amount of costs awarded, and the award should be increased to $43,536.25, plus judicial interest from the date of demand until the judgment is paid in full.[3]

**DISCUSSION**

AAIC, Bayou Cane, and Himel seek a decrease in the amount of costs awarded, while Falgout seeks for the amount to be increased. Louisiana law provides that party cast in judgment will generally be assessed with all costs of the litigation, including its own and those of the prevailing party. See La. C.C.P. art. 1920. The trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Harris v. City of Baton Rouge, 2016-0163 (La. App. 1st Cir. 12/22/16), 209 So. 3d 405, 408, writ denied, 2017-00155 (La. 3/31/17), 217 So. 3d 360. On appeal, the trial court's assessment of costs will not be disturbed absent an abuse of discretion. Royer v. Our Lady of the Lake Hospital, Inc., 2017-1763 (La. App. 1st Cir. 2/22/19), 2019 WL 850576, *3 (unpublished).

In their first assignment of error, AAIC, Bayou Cane, and Himel argue Falgout failed to carry his burden of proof regarding three of the expert fees sought

---

[3] We note that Falgout's answer also contains arguments regarding the August 10, 2023 judgment. However, that judgment is not before us in this appeal (2023 CA 1261), so those arguments will not be considered.

in his motion to tax costs. Taxable costs are defined narrowly by positive law in La. R.S. 13:4533 to include "costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court[.]" Further, the taxing of expert witness fees is governed by La. R.S. 13:3666, which provides, in pertinent part:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.

> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:

> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.

> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall for a part of the final judgment in the cause.

Expert witnesses are entitled to reasonable compensation for their time in court and for preparatory work done. Kelly McHugh and Associates, Inc. v. RPDE Development, LLC, 2019-0709 (La. App. 1st Cir. 3/5/20), 300 So. 3d 417, 428. A trial court can fix expert witness fees based upon its own observations and evidence presented at trial. See Smith v. Roussel, 2000-1672 (La. App. 1st Cir. 6/22/01), 808 So. 2d 726, 730. Factors to be considered by the trial court in setting an expert witness fee include the time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Bourgeois v. Heritage Manor of Houma, 96-0135 (La. App. 1st Cir. 2/14/97), 691 So. 2d 703, 708. Additional considerations include the helpfulness of

the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. Dakmak v. Baton Rouge City Police Department, 2012-1850 (La. App. 1st Cir. 9/4/14), 153 So. 3d 511, 514.

Although a party can tax the reasonable cost of time spent by the expert in gathering facts necessary for his testimony, he may not include the time spent in consultation which only assists the attorney in preparation for the litigation. In assessing expert witness fees, the trial court should not consider agreements between an expert witness and the party calling him concerning fees, the expert's statements concerning his charges, nor the actual fees paid. See Dakmak, 153 So. 3d at 514; Rincon v. Owens Collision & Repair Service Center, LLC, 2018-0383 (La. App. 1st Cir. 9/21/18), 359 So. 3d 990, 1003.

In his motion to tax costs, Falgout sought for the trial court to award him expert witness costs and fees, including $1,850.00 for Dr. Rice; $11,358.00 for Dr. Stokes; and $12,000.00 for Dr. Shamieh. After a hearing, the trial court awarded Falgout $1,850.00 for Dr. Rice; $3,500.00 for Dr. Stokes; and $1,500.00 for Dr. Shamieh.

AAIC, Bayou Cane, and Himel contend the awards for Dr. Rice and Dr. Stokes were excessive considering the amount of time they testified at trial. Dr. Rice was retained to provide information regarding Falgout's future lost wages and was accepted by the trial court as an expert in the field of economics. At trial, he testified regarding Falgout's future lost wages. In addition to his trial testimony, Dr. Rice prepared a report, which was admitted at trial. Next, Dr. Stokes is a medical vocational rehabilitation counselor and was accepted by the trial court as an expert in life care planning and vocational rehabilitation. Dr. Stokes also prepared a report and testified at trial. Last, Dr. Shamieh did not testify at trial.

While Falgout attached invoices and bills of his expert witnesses to his motion to tax costs, those documents were not admitted into evidence at the hearing. Even if those invoices and bills would have been admitted, the assertion of an attorney and the bill of an expert do not support an award for the total time of an expert, both in court and outside of court. See Wampold v. Fisher, 2001-0808 (La. App. 1st Cir. 6/26/02), 837 So. 2d 638, 640. Rather, the expert must testify at the trial of the contradictory rule to tax costs and be subject to cross-examination, unless there is some stipulation between the parties. Id. No expert witnesses were present to testify at the hearing on Falgout's motion and there were no stipulations between the parties. Thus, the trial court was required to fix the expert witness costs based upon its own observations and the evidence presented at trial. See Smith, 808 So. 2d at 730. In rendering its judgment, the trial court indicated that it observed each expert's participation or lack thereof when awarding costs. Both Dr. Rice and Dr. Stokes testified live at trial and prepared reports in preparation for trial. After a review of the record, we find no abuse of discretion in the trial court's award of $1,850.00 for Dr. Rice and $3,500.00 for Dr. Stokes.

AAIC, Bayou Cane, and Himel also contend the award for Dr. Shamieh was excessive since he did not testify at trial. On the other hand, Falgout argues that the testimony of Dr. Shamieh was "instrumental in the development of the case and was not introduced for the sake of efficiency[.]" Since Dr. Shamieh did not testify live at trial, and his testimony was not perpetuated by deposition, we find the trial court abused its discretion in awarding Falgout expert witness costs of $1,500.00 for Dr. Shamieh. Thus, the portion of the August 8, 2023 judgment that awarded Falgout $1,500.00 as expert witness costs for Dr. Shamieh is amended from $1,500.00 to $0.00.

In their second assignment of error, AAIC, Bayou Cane, and Himel contend the trial court erred in awarding Falgout costs of the transcript of a deposition

taken of a representative of Medport, LLC because it was not introduced into evidence at trial. In order to determine whether the cost of the deposition in question is taxable as costs against the defendants, it is necessary that it falls within the purview of La. R.S. 13:4533.

Louisiana Revised Statutes 13:4533, which was previously discussed, is explicit and must be held to include all depositions, whether taken for proof of a claim or the defense of a claim, or for discovery purposes, provided the depositions are used on the trial. The Legislature intended that introduction and acceptance of depositions in evidence would constitute such use. If a deposition is not so used at trial, the cost of that deposition, including the deponent's fee for giving the deposition, may not be taxed as costs. See A.B.S. Services, Inc. v. James Construction Group, L.L.C., 2020-0841 (La. App. 1st Cir. 7/22/21), 2021 WL 3087879, *9 (unpublished), writ denied, 2021-01635 (La. 1/12/22), 330 So. 3d 624.

Our review of the record reveals that the deposition of the representative of Medport, LLC was not used at trial. Thus, under La. R.S. 13:4533, the cost of that deposition, including the deponent's fee for giving the deposition, may not be taxed as costs. Therefore, the trial court abused its discretion in awarding Falgout costs for the Medport, LLC deposition. Falgout sought court costs and deposition costs in the amount of $6,022.36, and the trial court awarded that amount in full. Included in the $6,022.36 was $478.90 for the Medport, LLC deposition.[4] Therefore, we amend the August 8, 2023 judgment to award Falgout court costs and deposition costs in the amount of $5,543.46, which is the total amount of court costs and deposition costs sought minus the amount of the Medport, LLC deposition.

---

[4] While the trial court did not indicate the amount awarded for the Medport, LLC deposition in its judgment, both Falgout and AAIC, Bayou Cane, and Himel agree that the amount awarded by the trial court for the Medport, LLC deposition was $478.90.

In his answer to the appeal, Falgout contends he is aggrieved by the trial court's failure to award the full amount of costs incurred plus judicial interest and seeks for the award of costs to be increased to $43,536.25, plus judicial interest from the date of demand until the judgment is paid in full. As discussed above, under La. R.S. 13:3666, La. R.S. 13:4533, and La. C.C.P. art. 1920, a trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses, and the trial court's assessment of costs can be reversed by this court only upon a showing of an abuse of discretion. Suprun v. Louisiana Farm Bureau Mutual Insurance Company, 2009-1555 (La. App. 1st Cir. 4/30/10), 40 So. 3d 261, 267.

We have determined above that the trial court did not abuse its discretion in awarding expert witness costs for Dr. Rice and Dr. Stokes. Additionally, we have determined that the trial court did abuse its discretion in awarding Falgout costs for Dr. Shamieh due to a lack of evidence. Further, we note that the trial court awarded Falgout the full amount of costs sought for Dr. Cenac. Therefore, we must determine whether the trial court abused its discretion in the amount of expert witness costs it awarded Falgout for Dr. Lurie and Dr. Duplantier.[5]

No evidence was introduced at the hearing on the motion to tax costs. The trial court was required to fix the expert witness fees based upon its own observations and the evidence presented at trial. Neither doctor testified live at trial, but both of their depositions were admitted into evidence. Experts who testify by deposition are entitled to have their expert witness fees taxed as costs, just as are experts who testify at trial, provided their depositions have been introduced into evidence. Smith, 808 So. 2d at 730-31. The trial court indicated that it observed each expert's participation or lack thereof when awarding costs, and the costs awarded are sufficient in light of work performed by each expert. After

---

[5] We note that the $43,536.25 sought by Falgout also includes medical records costs of $305.89, which the trial court awarded in full.

review of the record, we find that the trial court did not abuse its discretion in awarding Falgout expert witness costs of $1,500.00 for Dr. Lurie and $2,000.00 for Dr. Duplantier. As such, Falgout's answer to the appeal is denied.

## CONCLUSION

For the above and foregoing reasons, the August 8, 2023 judgment of the trial court is amended in part and affirmed as amended. The trial court's award of expert witness costs for Dr. Shamieh is amended from $1,500.00 to $0.00, and the trial court's award for court costs and deposition costs is amended from $6,022.36 to $5,543.46. The remainder of the August 8, 2023 judgment of the trial court is affirmed. The answer to the appeal filed by Lloyd Falgout is denied. Costs of this appeal in the amount of $956.00 are assessed one-half to Lloyd Falgout and one-half to American Alternative Insurance Corporation, Bayou Cane Fire Protection District, and Kenneth Himel.

**AMENDED IN PART AND AFFIRMED AS AMENDED.**