WILLIAMS, Judge.
Suits were brought arising out of a two-car intersectional collision. The liability portion of the case was tried and, after appeal, the case was remanded for a determination of damages.[1] Appellant, the City of New Orleans, appeals the trial judge’s award of witness fees and medical expenses.
As a result of the collision plaintiff suffered various injuries. Plaintiff claimed that a hip condition, known as aseptic necrosis, was an injury caused by the accident. After hearing the medical testimony, the trial judge found that plaintiff's hip condition was not related to the accident but to alcoholism. The trial judge then awarded damages in the amount of $40,-000.00 for injuries to plaintiff’s head, neck and wrist. Additionally, the trial judge awarded plaintiff $6,000.00 for the expert witness fees for Dr. Gordon Nutik and $2,556.62 in medical expenses due to Charity Hospital for treatment rendered to plaintiff.
EXPERT FEES
Appellant claims that the trial court abused its discretion by awarding plaintiff *1059 $6,000.00 m expert fees for a non-treating medical witness whose testimony concerned a condition found by the trial judge to be unrelated to the accident. On the record before us, we agree.
The record indicates that plaintiff was treated at Charity Hospital in New Orleans for complaints following the accident on July 18,1980. Plaintiff was released shortly thereafter, requiring only follow-up visits. The bulk of the Charity record includes reports on plaintiffs problems unrelated to the accident, including diabetes, epilepsy, and alcohol abuse.
Further, the plaintiff was first seen by Dr. Nutik on March 5, 1983, nearly three years after the accident. Dr. Nutik then saw the patient four years later in March of 1987 and September of 1987. The majority of the charges claimed by the physician are for trial preparation and consultation with plaintiff’s attorney. The three thousand dollar balance of Dr. Nutik’s award is attributable to his time spent in court which was based on his calculation that he would have earned that amount during one day in his office.
The determination of the fee to be paid an expert witness is within the discretion of the trial court and will not be disturbed absent manifest error. Nunez v. St. Bernard Parish Fire Department, 519 So.2d 857 (La.App. 4th Cir.1988). Whether a party should be awarded fees when the expert’s opinion is not accepted by the court and the party presenting the evidence does not prevail on the issue is a matter in which the trial court has some discretion. Compare Glass v. Aetna Casualty & Surety Co., 166 So.2d 552 (La.App. 4th Cir.1964) (court awarded expert fees to physician-witnesses where plaintiff failed to sustain the burden of proving a causal connection between the condition and the accident) with Adamson v. Westinghouse Electric Corp., 236 So.2d 556 (La.App. 4th Cir.1970) (court denied expert fees when the claim was totally rejected by the trial court). Nevertheless, the sole criteria for fixing the amount to be taxed as costs for an expert’s services is not the agreement between the expert and the party for whom he testifies or even the actual payment of the fee to the expert. Pike v. Stephens Imports, 448 So.2d 738 (La.App. 4th Cir. 1984). Rather, the fees imposed must be reasonable.
A review of the record reveals that the fees awarded are excessive. Much of the expense incurred were the result of plaintiff’s fishing expedition during his attempt to link the hip complaint to the accident. The defendant should not be cast for these costs nor is it equitable to charge appellant for the cost of plaintiff’s conferences with his experts.
Additionally, assuming that the trial court accepted Dr. Nutik’s valuation of his time at $3,000.00 per day, we find this portion of the judgment excessive. An expert’s own valuation of his lost time is not binding on the court and are not the sole criteria to be used by the court in assessing fees. The fee awarded should not be so excessive that the costs of litigation are prohibitive.
As a result of our review, we find that the plaintiff’s expert witness is entitled to compensation for the time he spent in court. We believe that it would be inequitable to tax defendant with costs of trial preparation. Consequently, we find that $1,500.00 is a proper award under the circumstances of this case. In arriving at this amount, the court is sensitive to the fact that the trial court awarded a higher fee but considering that much of the award was based on charges for trial preparation and a high calculation for time in court, we find that the trial court abused its discretion.
MEDICAL EXPENSES
In this assignment of error, appellant claims that the trial court allowed plaintiff to collect twice for the same expense.
The written judgment allows for a $40,-000.00 damage award for pain and suffering “as well as medical expenses for all injuries claimed by plaintiff.” Additionally, it provides for “medical expenses to Charity Hospital recognizing a lien in the total amount of $2,556.62_”.
*1060 In considering appellant’s claim that the judgment reflects double recovery, we have reviewed the oral reasons for judgment and find that the judge intended to compensate plaintiff for his injuries and all possible medical expenses, inclusive of future claims, by awarding $40,000.00. The award to Charity Hospital was clearly intended to represent a different item of damages and as such the award will not be altered.
For the foregoing reasons the judgment of the trial court awarding plaintiff $40,-000.00 in general damages and $2,556.62 to Charity Hospital is affirmed and that part of the judgment awarding expert witness fees is reduced to $1,500.00.
AFFIRMED AS MODIFIED.

. Bessard v. Marcello, 467 So.2d 2 (La.App. 4th Cir.1985).