797 So.2d 133 (2001)
MOSSY MOTORS, INC., Roy J. Mossy, Mary Lou Christovich and Lyons New Orleans, Inc.
v.
The SEWERAGE & WATER BOARD OF The CITY OF NEW ORLEANS, Pepper and Associates, Inc., C.R. Pittman Construction Company, Inc., and James & Company, Inc.
No. 2001-CA-0486.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 2001.
*135 Miles P. Clements, Michael R. Phillips, Frilot, Partridge, Kohnke & Clements, New Orleans, LA, Attorneys for Plaintiffs/Appellants.
Ira J. Rosenzweig, Stacy R. Palowsky, Smith Martin, New Orleans, LA, Attorneys for Defendants/Appellants.
Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, Sr., Judge DAVID S. GORBATY.
McKAY, Judge.
This is the second time that our Court has considered this matter on appeal.[1] The underlying facts and procedural history of the case are found in Mossy Motors, Inc. v. Sewerage and Water Board, 98-0495 (La.App. 4 Cir. 5/12/99), 753 So.2d 269. In that appeal, our Court conducted a de novo review and affirmed the trial court's finding of liability and causation against the Board. Id. at 274-278. Our Court also affirmed the trial court's award to Mossy of $2,047,719.00 in out-of-pocket expenses and $1,000,000.00 in business interruption damages. Id. However, our Court vacated and remanded the award of $1,200,000.00 for the service area, the $841,930.00 in attorneys' fees, and the award of costs. Id. at 285.
On December 5, 6, 7, and 21, 2000, the trial court conducted a trial limited to the remanded issues. At the close of trial, the court again awarded Mossy damages for the service area, but reduced the previous award of $1,200,000.00 to $678,000.00. The trial court increased the award of attorneys' fees from $811,930.00 to $1,043,201.00. Lastly, the trial court increased the amount awarded in costs from $131,361.00 to $138,361.00.
In this appeal, both Mossy and the Sewerage and Water Board raise essentially, albeit from different sides, the same three issues. They both contend: 1) the trial court erred in its award of damages for the service building: 2) the trial court erred in its award of attorneys' fees; and 3) the trial court erred in its award of costs.

Service Building
On remand, the parties presented alternative calculations concerning the cost to repair the service building. Mossy's expert, Mr. LeGardeur, provided bids to repair the service building for $952,235.00 if pilings are not driven, and $1,259,616.00 if pilings are driven. Mr. Jackson, the *136 Board's expert, opined that the service building could be repaired for $678,000.00. The trial court accepted Mr. Jackson's estimate of $678,000 and awarded that amount to Mossy. Both sides now complain that the trial court's award was either too large or too small, i.e., Mossy is getting a better building than it deserves or Mossy is not getting as good a building as it should. In large part the trial court accepted the $678,000.00 figure because it was dealing with a slab that had some damage even before the Sewerage and Water Board's project ever began and because it found the testimony that Mossy put on regarding FEMA requirements to be highly speculative.
The standard of review for overturning damage awards requires that the trier of fact abused the great discretion accorded in awarding damages. In effect, the award must be so high or so low in proportion to the injury that it "shocks the conscience." Moore v. Healthcare Elmwood, Inc., 582 So.2d 871 (La.App. 5 Cir. 1991). In the instant case, the injury in question is the damage to the service building. We are instructed that before a factfinder's verdict may be reversed, we must find from the record that a reasonable factual basis does not exist for the verdict, and that the record establishes the verdict is manifestly wrong. Lewis v. State, Through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311, 314; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). In the instant case, the trial court evaluated the documentation in the record as well as the expert testimony presented by both sides and reached the conclusion that $678,000.00 was an appropriate award for the service building. In reaching this conclusion the trial court relied on the testimony of the defendant's expert while it largely discounted that of the plaintiff's expert. There is nothing wrong with doing this. Even uncontradicted expert testimony is not binding on the factfinder. J.A.G. v. Schmaltz, 95-2755 (La.App. 4 Cir. 10/23/96), 682 So.2d 331, 337. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Accordingly, we find no error in the trial court's awarding $678,000.00 in damages for the service building.

Attorneys' Fees
Regarding attorneys' fees, the trial court, in its oral reasons for judgment, stated that it considered La. R.S. 13:5111 and the instructions from Rivet v. State, Dept. of Transportation and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, when determining its award. According to the trial court, its duty was to "determine, based on all of the evidence, the attorney fees actually incurred throughout this proceeding." The trial court determined that a straight percentage rate of 28 percent applied to the total recovery, without interest, would adequately compensate the plaintiffs' attorneys. This amounted to $1,043,201.00. The opposing parties contend that this amount is too high or conversely too low.
In remanding the issue of attorneys fees, our Court stated: "the trial court's award of attorney fees [was] erroneous as it award[ed] attorney fees of only twenty-five percent of the judgment. This case was quite complicated and undoubtedly required much time, effort, and skill on the part of the plaintiff's attorneys." Mossy at 283. (emphasis added). However, the party seeking attorney's fees bears the responsibility of introducing into the record its timesheets and bills. Gravolet v. Board of Com'rs for Grand Prairie Levee *137 Dist., 95-2477 (La.App. 4 Cir. 6/12/96), 676 So.2d 199, 206.
Our Court gave the plaintiffs the opportunity to prove the amount of attorneys' fees to which they believed they were entitled. On remand, the trial court evaluated all of the evidence regarding attorneys' fees that the plaintiffs put before it. The trial court also took into consideration our earlier opinion in this matter. Based on our directives as well as the evidence before it, the trial court awarded attorneys' fees of 28%. Accordingly, we find no error in its award of attorneys' fees.[2]

Costs
Regarding costs, the trial court confirmed its earlier award of $131,361.00 and awarded an additional $7,000.00 in fees for the plaintiffs' attorney fee expert. Both sides now contend the trial court erred in its award of costs. The plaintiffs contend the trial court erred in not awarding Mossy the full costs of expert witness fees at trial. The defendant, on the other hand, contends that the trial court erred in awarding any additional costs and should have reduced those costs awarded from the first trial.
In awarding costs from the trial on remand, the trial court awarded an additional $7,000.00 for the plaintiffs' expert on attorney's fees. The trial court intentionally excluded additional fees for the plaintiffs' other expert witnesses. In doing so, the trial court stated: "I reject any additional fees from Mr. LeGardeur and Mr. Blessy, because I think they were well compensated in my prior judgment." Given the testimony of these expert witnesses as well as their preparation for said testimony, this finding appears reasonable. Expert witnesses are entitled only to reasonable compensation, regardless of the amount charged by the expert witness. Stonecipher v. Mitchell, 26,575 (La.App. 2 Cir. 5/10/95), 655 So.2d 1381. In any event, a trial court is given much discretion in setting expert fees and an appellate court will not retract such award unless the record on appeal reveals serious abuse of discretion. Reeves v. Thompson, 95-0321 (La.App. 4 Cir. 12/11/96), 685 So.2d 575. We find no such abuse of discretion in the instant case.

Legal Interest
A question exists as to whether the trial court erred when it awarded interest on the attorneys' fees and court costs from the date of the original judgment. The result of the trial on remand was to increase the award of attorneys' fees from $811,930.00 to $1,043,201.00, and to increase the award for costs from $131,361.00 to $138,361.00. The trial court stated that there was enough evidence in the original record to substantiate awards in amounts at least as large as the trial court made at the original 1997 trial, as this Court found in its original decision. See Mossy Motors, Inc. v. Sewerage and Water Board, 98-0495 (La.App. 4 Cir. 5/12/99), 753 So.2d 269. Accordingly, the trial court found that the attorneys' fee award should bear interest from the date of the original judgment on attorneys' fees, August 27, 1997, and that costs should bear interest from the date of the original judgment awarding costs, October 7, 1997. When this is considered in conjunction with the principle that "the owner shall be compensated to the full extent of his loss", we find no error in the trial court's awarding *138 of interest from the date of the original judgment.[3]

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in all respects.
AFFIRMED.
NOTES
[1] Numerous writs have also been taken to our Court as well as to the Louisiana Supreme Court.
[2] The plaintiffs' arguments concerning contingency fees and the defendant's arguments concerning set-off for settlements with other parties do not merit discussion in this opinion.
[3] La. Const. Art. I Sec. 4.