826 So.2d 558 (2002)
Charles SADEN, et al.
v.
Michael E. KIRBY, et al.
No. 2001-CA-2253.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 2002.
*559 Frank J. Uddo, Basile J. Uddo, Metairie, LA, for Plaintiff/Appellee.
John T. Suttles, Jr., Schafer & Schafer, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge DAVID S. GORBATY).
CHARLES R. JONES, Judge.
The Appellant, Lexington Insurance Company (hereinafter "Lexington"), appeals the judgment of the district court granting a Motion to Tax Costs in the amount of $357,614.99 in favor of the Appellees. We affirm.
This appeal arises out of a class action lawsuit situated in the Civil District Court for the Parish of Orleans that has been litigated for approximately 17 years.

*560 Appeal
The residents and property owners of the Lower Coast of Algiers filed this class action suit against the New Orleans Sewerage and Water Board, the Plaquemines Parish Government, the Orleans Levee District and the Louisiana Department of Transportation and Development for damages sustained by the flooding. This case has been before both this Court and the Supreme Court on issues of liability, class certification, determination and damage assessment. Following this Court's per curiam opinion of April 5, 2000, which reversed in part and amended in part the district court's award for damages, the Appellees filed a Motion to Tax Costs and Interest on Costs and submitted it to the district court. The district court granted the Motion to Tax Costs and Interest on Costs and rendered judgment against Lexington in the amount of $357,614.99 plus interest. judgment of the district court awarded the costs as follows: Copies/trial preparationexhibits, $2,233.76; Court Costs, $8,404.42; Depositions/transcripts, $36,733.46 and Experts, $310,244.35. Lexington filed this timely appeal arguing that the district court erred in taxing it with costs not authorized under La. R.S. 13:4533 and La. R.S. 13:6666(A). We affirm.

Standard of Review
A trial court is given much discretion in setting expert fees and an appellate court will not retract such award unless the record on appeal reveals serious abuse of discretion. Mossy Motors v. Water Board of the City of New Orleans, XXXX-XXXX, (La.App. 4 Cir. 9/19/01), 797 So.2d 133,

Argument
In its first assignment of error Lexington encompasses many sub-issues that we choose to discuss individually. Lexington argues that the district court erred in taxing costs not authorized by statute. More specifically, in those instances where (1) experts did not testify at trial; (2) experts only assisted in trial consultation and litigation; (3) experts were deemed unreliable; (4) where depositions were not introduced into evidence and; (5) an assessment for copying documents without proving that those documents were introduced into evidence.
Lexington relies on Delaney v. Whitney Nat. Bank, 96-2144 (La.App. 4 Cir. 11/12/97), 703 So.2d 709, arguing that "the assessment of cost lies within the trial court's discretion" and that "the only costs taxable against a litigant are those provided for by positive law." Id. Lexington further relies on La. R.S. 13:4533 to establish that the only costs that can be assessed are those specifically provided for by statute. La. R.S. 13:4533 states that:
The costs of the clerk, sheriff, witnesses' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Lexington argues that La. R.S. 13:4533 is the "positive law" in which Delaney speaks and therefore that the district court abused its discretion.

Expert witnesses who did not testify at trial or meet the Daubert Standard

Lexington cites La. R.S. 13:6666(A), arguing that the statute authorizes recovery of compensation paid to "[w]itnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof." Specifically, Lexington asserts that the total admissible award of expert witness fees amounts to $22,873 not *561 $310,244.35 as per the district court's finding.
The record before us provides an itemized list of expenditures submitted as evidence by the Appellees in support of their Rule to Tax Costs. Lexington maintains that the witnesses who did not testify at trial are Arceneaux Consulting, Robert Goldberg of Collector Appraisal Services, Dahlman Company Consulting, Dufrene Surveying, J.J. Krebs, Lauland Security Consulting, Singhoff and Associates and Chester Watson of WET and that their fees total $10,065.90.
However, we find that Lexington fails to cite 13:6666(A) in its entirety. The statute states that:
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required. (emphasis added)
The statute as a whole speaks for itself. The district court has the discretion to fix any additional compensation as far as witnesses are concerned. The statute does not speak solely for those witnesses who only participate at trial as argued by Lexington. Thus, Lexington is incorrect in its interpretation of La. R.S. 13:3666(A) and we find that this argument is without merit.
Lexington further argues that the district court should not have assessed costs to those expert witnesses whose findings do not meet the Daubert standard. More specifically, Lexington argues that the expert testimony of Dr. Gerald Murphy, a licensed clinical social worker, failed to meet the requirements under Daubert. Lexington relies on the April 8, 1996 reasons for judgment wherein the district court stated:
Dr. Murphy's findings fell short of the Daubert v. Merrell Dow Pharmaceutical, Inc.[,] 500[509] U.S. 579, 113 S.Ct. 2786[, 125 L.Ed.2d 469 (1993)], ruling which held that: For an expert in the realm of science the opinion expressed must be derived by the scientific method. It must be based on the generation of hypotheses which are tested to determine if they can be falsified.
The judgment of the district court of April 8, 1996 is not before this Court on appeal. Nor at any time did the district court or this Court reject the testimony of Dr. Murphy. Therefore, we rely on Delaney v. Whitney Nat. Bank, 96-2144 (La. App. 4 Cir. 11/12/97), 703 So.2d 709, wherein we found that the district court has the discretion to tax costs as it sees fit. The district court judgment of April 8, 1996 was for the sole purpose of rendering damages to the Appellees. Although Dr. Murphy's testimony was singled out in the district court's Reasons for Judgment, the district court is in a better position to find that Dr. Murphy's testimony is a taxed cost as to Lexington. Further, the mention of Dr. Murphy's testimony indicates that the district court used it in considering its Reasons for Judgment. This argument is without merit.

Expert witnesses whose testimony was disregarded as unreliable:
Lexington next relies on Albin v. Illinois Central Gulf Railroad Company, et al., 607 So.2d 844 (La.App. 4 Cir. 10/16/92), to support its argument that the expert testimony of Oren Russell and Dr. John Glascock was so unreasonable that it proved of no value to the district court in assessing damages, and therefore, Lexington should not be taxed costs for these witnesses. Mr. Russell, a licensed real *562 estate appraiser, and Dr. Glascock, a professor in finance and real estate at the University of Connecticut, testified at trial on behalf of the Appellees as to the decreased value of lots and raw acreage in the Lower Coast of Algiers.
Mr. Russell testified at trial to his performance of a controlled study in Lower Coastal Algiers. The purpose of the study was to calculate the decrease of value per lot. In agreement with Mr. Russell's testimony, Dr. Glascock testified at trial that the only way to determine the effect of the flood on the real estate value was to administer the controlled study as Mr. Russell did. However, Dr. Glascock recalculated the loss of value to the lots. Yet, in our opinion in Saden v. Kirby, 98-1762 (La.App. 4 Cir. 4/5/00), 759 So.2d 921, we concluded that:
After a thorough review of the evidence put forth by both parties' experts, we find the trial court erred in determining that the lots and raw acreage in the Lower Coast of Algiers sustained a loss in value as a result of pump B's failure"
Lexington argues that we determined in Saden v. Kirby that the testimony of Mr. Russell and Dr. Glascock "was clearly unreasonable" in light of our reversal of the award of damages for real estate devaluation. Lexington's interpretation is in error. In our opinion in Saden v. Kirby, after review of the record, we determined that the district court erred in its conclusion as to how the lots and raw acreage in Lower Coastal Algiers sustained damages. We did not, however, outright reject the testimony of Mr. Russell and/or Dr. Glascock, nor did we establish that the district court erred in failing to reject the testimony of these experts. It was apparent from the record that the more reliable testimony was that of Dr. Wade Regas, a professor and director for the Real Estate Program at the University of New Orleans.
This Court in Albin v. Illinois Central Gulf Railroad Company, et al., supra, reasoned that the fees of an expert witness whose efforts proved of no value to the trial court in assessing damages are not properly taxed as litigation costs and should be disallowed and reversed on appeal. Mr. Russell and Dr. Glascock's testimony at trial assisted the district court in its assessment of damages and the mere fact that we reversed those damages on appeal in light of contradicting testimony does not mean that the testimony of Mr. Russell and Dr. Glascock proved of no value or "was clearly unreasonable". This argument is also without merit.

Experts whose time was spent purely in consultation
Lexington argues that the district court erred in awarding costs for preliminary investigation and attorney consultation. Lexington not only relies on Delaney and Albin, but Baker v. Marcello, 533 So.2d 1057 (La.App. 4 Cir.1988), noting that in Baker, this Court found that is was inequitable to cast a party for the costs of the opponent's conferences with his or her experts. However, we distinguish Baker from the case at bar. In Baker, a review of the record revealed that the fees awarded were excessive and that much of the expenses incurred were the result of plaintiffs fishing expedition during his attempt to link his hip complaint to his accident. It is for that reason we found that the defendant should not have been cast in judgment for those costs, nor was it equitable to charge appellant for the cost of plaintiffs conferences with his experts.
We do, however, adopt the reasoning of our brothers in the First Circuit, that "[t]he defendant can have taxed as costs the reasonable cost of time spent by the expert in gathering facts necessary for *563 his testimony but not for time spent in consultation which only assists the attorney in preparation of litigation." Albin v. Illinois Central Gulf Railroad Company, et al., 607 So.2d 844 (La.App. 4 Cir. 10/16/92), citing, State Through Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886, 894 (La. App. 2 Cir.), writ denied, 318 So.2d 60 (La.) cert. denied, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975), (emphasis added).
On appeal, Lexington has the burden to prove that the district court was manifestly erroneous in awarding the above-related costs to the Appellees. We cannot determine from the record before us as to which instances were purely consultation and/or preliminary investigation by the Appellees. The record before us is devoid of this information, and this Court cannot find manifest error by the district court without a full or supplemental record indicating the error. Lexington has failed to demonstrate that there was error by the district court in its award for consultation. Nor do we have adequate information before us to render a proper review.

Depositions not introduced into evidence
Lexington contends that the district court abused its discretion by awarding costs for depositions and transcripts not introduced into evidence at trial. Lexington relies on La. R.S. 13:4533, and the Succession of Franz, 242 La. 875, 139 So.2d 216 (1962). In support of its argument, Lexington further argues that aside from an unsupported statement, the Appellees adduced no evidence in the form of an exhibit list to show that any depositions were actually used and introduced into evidence at trial.
Although this Court in Delaney held that "[d]epositions not formally introduced into evidence are not properly taxed as costs", we are still of the opinion that the record before us is devoid of any proof as to which depositions were "used on trial" (using the language from Delaney) and which were not. Further, we find it somewhat preposterous that Lexington suggests we reverse the district court and not tax costs for any deposition or transcript. It is more likely than not that various depositions and transcripts played some role in the district court's proceedings. The district court judge is in a better posture to determine what was used at trial and what was not. Once again, Lexington has failed to demonstrate error by the district court.

Copying documents without proving that those documents were introduced into evidence
Lexington next argues that the district court erred in awarding the Appellees costs for all items appearing in Appellees' table of litigation expenses entitled "COPIES/ TRIAL PREPARATIONEXHIBITS". Lexington contends that the table does not indicate whether the items were actually employed at trial. Further, Lexington argues that charges of at least $281 should be disallowed because those charges relate to copies made for the previous appeal in which Lexington prevailed.
"The trial court accepted Delaney's estimate of the fees without requiring independent verifying proof, and we find no reversible error in that decision." Delaney v. Whitney Bank, 96-2144 (La.App. 4 Cir. 11/12/97), 703 So.2d 709. In the instant case, we find that it is not reversible error for the district court to have relied upon the Appellees' itemized list of costs. Lexington has not demonstrated error by the district court.

Interest on costs
In its last assignment of error, Lexington maintains that the district court erred *564 in computing interest on the award of costs. The judgment of the district court calculated interest on expenses and expert witness fees taxed as costs to commence on three separate dates. The district court states in its Reasons for Judgment that:
1) Interest on all costs incurred during the class certification phase of the case from the date of judicial demand, January 30, 1984, through the date of payment;
2) Interest on all costs during the liability phase from the date of the of the final class certificate order, October 14, 1988, through the date of payment and
3) Interest on all costs incurred during the damage phase of the case from the date of the trial court final judgment in the liability phase of the case, March 4, 1993, through the date of demand.
Lexington argues that costs should commence to run only from the date of judgment fixing those costs, which, in the instant case, would be December 15, 2000. Lexington further asserts that a rule or another contradictory hearing must be held to tax costs. However, we find that La.Code Civ. Pro. art.1920 is very clear on this issue, stating that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. (emphasis added).
The district court did not abuse its discretion in applying the dates in which interest accrued on certain costs. The law is clear that La.Code Civ. Pro. art. 1920 utilizes the language "shall" and "may" in order to distinguish what is mandatory and what is optional when determining costs.
The district court selected three specific dates when indicating exactly when interest was to accrue. Because of the complexity of the litigation, it appears that the district court was very careful in choosing these dates, instead of setting interest to accrue on one single day. In its Reasons for Judgment, the district court stated:
This interest payment scenario, addresses payment of interest commensurate with the amount of time which passed between each phase of the case and recognizes more accurately the time value of money in the context of each specific phase.
There was no abuse of discretion by the district court in calculating the accrual of interest.

Conclusion
The standard of review for this Court is whether there was an abuse of discretion by the district court. Mossy Motors v. Water Board of the City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 9/19/01), 797 So.2d 133. Lexington failed to demonstrate that the district court abused its discretion in taxing costs in favor of the Appellees. The record is supportive of the district court's findings.
After 17 years of litigation, the district court judge is in a better position than this Court to determine what was used at trial, what was not, and the reasonableness of the fees. Without the complete record of trial testimony and exhibits, we cannot conclude that the district court was in error.

Decree
For the reasons stated herein, we affirm the judgment of the district court taxing Lexington with costs totaling $357,614.99 in favor of the Appellees.
AFFIRMED.
GORBATY, J., CONCURS WITH REASONS.
*565 I respectfully concur in part. Although I am in accord with the conclusions reached by the majority, I disagree with the reasoning as to one particular portion. The opinion states: "The statute [13:3666] does not speak solely for those witnesses who only participate at trial as argued by Lexington. Thus, Lexington is incorrect in its interpretation of La. R.S. 13:3666(A) and we find that this argument is without merit." I think that Lexington's interpretation of 13:3666 is correct in that the statute provides for extra compensation for witnesses who testify at trial. As such, I do feel it applies to witnesses who participate at trial. However, I do not believe that 13:3666 precludes an award for expert witnesses who do not testify, for time spent in consultation or otherwise. I agree with the rationale set forth by the majority that "[t]he district court has the discretion to fix any additional compensation as far as witnesses are concerned" and would affirm the judgment on these grounds.
Accordingly, for these reasons, I concur.