WICKER, J.
dissents with reasons.
hi respectfully dissent for the following reasons.
In this case, Mrs. Boudreau subpoenaed Ms. Delap — her ex-husband’s therapist— to testify at the custody hearing. When Ms. Delap testified neither party tendered her as an expert nor was she formally accepted as an expert witness. Nevertheless, at the conclusion of the trial, Mrs. Boudreau was ordered to pay the cost of Ms. Delap’s expert testimony.
A seminal question not previously answered by this Court is whether expert witness fees can be awarded to a witness who was not tendered, qualified, and accepted as an expert.
A trial judge enjoys great discretion under La. C.C.P. art. 1920 in the taxing of expert witness fees. Buffman Inc. v. Lafayette Co., 09-0870, 09-1241 p. 39 (La. App. 4 Cir. 4/14/10), 36 So.3d 1004, 1030. On the trial court’s award of expert witness fees and court costs, “[t]he standard of review for this Court is whether there was an abuse of discretion by the district court.” Id. at 1029 citing Saden v. Kirby, 01-2253, p. 1 (La.App. 4 Cir. 8/7/02), 826 So.2d 558, 560; Mossy Motors v. Water Board of the City of New Orleans, 01-0486, p. 5 (La.App. 4 Cir. 9/19/01), 797 So.2d 133,137.
While the first and second circuits hold that the witness must be qualified and tendered as an expert in order to be entitled to an expert |2witness fee, the third and fourth circuits find no such formal requirement exists.
In Wallace v. State Farm Fire & Cas. Ins. Co., 345 So.2d 1004, 1009 (La.App. 2 Cir.1977), the court declined to order expert witness fees for witnesses who were not qualified by the trial court as experts. Likewise, in Hebert v. Diamond M. Co., 385 So.2d 410, 415 (La.App. 1 Cir.1980), the court found that the trial court erred in awarding expert fees to persons who were not qualified by the trial court as experts.
Conversely, in Darbonne v. Wal-Mart Stores, Inc., 00-551 p. 8 (La.App. 3 Cir. 11/2/00), 774 So.2d 1022, 1028, the court held “there is no formal requirement that a party formally tender an expert witness or that a court formally declare that a witness is accepted as an expert.” That court stated, “the fact that the trial court accepted the testimony of Mr. Nelson as an expert without expressly stating so did not constitute error.” Id. Likewise, in Square Deal Siding Co., Inc. v. Thaller, 08-0757 p. 8 (La.App. 4 Cir. 12/30/08), 3 So.3d 71, 78, the court held there was no requirement that a witness be tendered and formally declared to be an expert.
I agree with the position taken by the third and fourth circuits. In my view, where a witness renders expert opinion testimony without objection, that witness may seek remuneration by way of an expert witness fee whether or not that witness has been formally qualified and tendered as an expert.
The next question then is whether the trial court abused its discretion when it *211 found that the witness had given expert opinion testimony and awarded an expert witness fee on that basis. Here, the appellant did not designate Ms. Delap’s testimony as part of the appellate record. Without the transcript to review, I would find that the appellant has failed to prove that the trial court abused its discretion in awarding the expert witness fee.
| RIn his oral reasons for judgment, the trial court judge stated that Ms. Delap called his office the day before trial and complained to his law clerk that she would not be paid for her services. While I condone neither the witness’ action in calling the court to air her complaint rather than filing a motion for expert fees, nor the court’s action in having a conversation with the witness without counsel for both parties being present, the trial court stated on the record:
Mr. Wolff did not qualify her [Ms. De-lap] as an expert. However, she was answered, she was treated as an expert. There was no objection by Mr. Cashi, but that doesn’t mean, the mere fact the he didn’t object and say she hasn’t been qualified first, that doesn’t mean that she wasn’t asked opinion questions that drew on her expertise. She clearly was. In closing arguments, Mr. Wolff referred to her diagnosis, for instance, of alcohol abuse. All of that indicates expertise, so I’m only bringing this up to head off what I know is an — which I feel is probably an eventual issue, and that is whether she should be paid as an expert or not. And I feel that she was because she was questioned as an expert and as Mr. Wolff said, she was asked about a, as he characterized it, a diagnosis.
“The trial court is vested with much discretion in determining which opinion testimony shall be received into evidence and whether it will be received as “lay” or “expert” testimony.” Square Deal Siding, supra at 79. Deferring to the trial judge’s discretion, the trial judge was in the best position to determine whether Ms. Delap displayed expertise on the matter to which she testified. Based on the reasons he expressed in open court, the trial judge was of the opinion she did.
Therefore, on the record before us, I cannot find that the trial court abused its discretion in finding that Ms. Delap was an expert despite the fact that she was never tendered as such. I would affirm.
[ 4ROTHSCHILD, J. dissents for the reasons assigned by Judge WICKER.