TERRI F. LOVE, Judge.
JjThe defendants appeal the trial court’s judgment which taxed all costs against them as the unsuccessful litigants in a medical malpractice suit. Given the record lacks sufficient evidence for this Court to reverse the trial court’s award of taxable costs, we cannot say the trial court abused its discretion. Therefore, we affirm the trial court’s judgment assessing all costs, totaling $154,470.37, against defendants as the party cast in judgment.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The present appeal arises from a medical malpractice claim the plaintiff Lakisha Butler (“Ms. Butler”) made alleging damages suffered in conjunction with the illness and subsequent death of her daughter, Chela Victoria Butler. Ms. Butler sought review by the medical review panel in April 2010. Ms. Butler named as defendants Dr. Richard Lebouef, Dr. Floyd A. Buras, Jr., Dr. Louis Bevrotte, Dr. Neel Shah, Drs. Lebouef & Buras, AMC, and Children’s Hospital.
After the medical review panel found in favor of the defendants, Ms. Butler filed a petition for damages for wrongful death and survival action in April 2011 Lagainst all the named defendants, except Dr. Richard Lebouef (in his individual capacity). The matter proceeded to jury trial in January 2015. Following a six-day trial, the jury found in favor of Dr. Neel Shah and Children’s Hospital, but found against Dr. Floyd A. Buras and Dr. Louis Bevrotte. The trial court adopted the jury verdict as the ruling of the court, finding Drs. Buras and Bevrotte and their insurer LAMMICO (“Defendants”) liable for the full policy limits under their respective policy.
On February 11, 2015, Ms. Butler filed a motion to tax costs, requesting the trial court hold Defendants, as the party cast in judgment, liable for reimbursement of $154,470.37 in litigation costs. To support her motion, Ms. Butler attached the sworn affidavit of the firm’s administrator Ms. Kathleen M. Nuebel (“Ms. Nuebel”) and a *573 ledger of costs Ms. Butler paid. Ms. Butler averred that all costs should be awarded due to the “special nature of [her] case and medical malpractice cases, in general.”
Defendants filed an opposition to Ms. Butler’s motion to tax costs claiming that: (1) Ms. Butler’s evidence to support her motion was inadequate; (2) statutory and jurisprudential law limit the extent to which a trial court may award costs; (3) in order for the costs to be taxable they must have been used at trial; (4) ledger entries lacked specificity in order to determine the nature of the expenses and whether they should be properly awarded; and (5) many charges, in particular the expert fees, were excessive.
In response, Ms. Butler requested a continuance to provide Defendants with [ ^supporting documentation, which the trial court granted. Thereafter, both parties filed supplemental briefs. Defendants argued that based on their review of Ms. Butler’s alleged litigation costs it calculated only $12,005.37 in potential awardable costs. However, even these “facially awardable costs,” Defendants claimed, were not sufficiently documented or verified.
The hearing on the motion to tax costs was held in June 2015. Neither side submitted any additional testimony or evidence. After hearing arguments, the trial court advised the parties to discuss a resolution, absent which it would rule. Thereafter, on July 8, 2015, the trial court issued a written judgment granting Ms. Butler’s motion to tax costs. The trial court stated that Ms. Butler, as the prevailing party, was entitled to the full amount of her costs, totaling $154,470.37, against Defendants as the party cast in judgment. Defendants timely appeal the trial court’s ruling.

STANDARD OF REVIEW

On appellate review, a trial court’s assessment of costs will not be disturbed “unless the record on appeal reveals serious abuse of discretion.” Saden v. Kirby, 01-2253, p. 2 (La.App. 4 Cir. 8/7/02), 826 So.2d 558, 560 (citing Mossy Motors v. Water Board of the City of New Orleans, 01-0486 (La.App. 4 Cir. 9/19/01), 797 So.2d 133); Westley v. Allstate Ins. Co., 05-100, p. 15 (La.App. 5 Cir. 5/31/05), 905 So.2d 1127, 1137. Moreover, appellate courts have found the trial court’s “discretion is not unbridled but is restricted to the realm of what is equitable.” Phillips v. G & H Seed Co., 10-1484, p. 7 (La.App. 3 Cir. 6/8/11), 68 So.3d 645, R651 (quoting Johnson v. Bucyrus-Erie Company, 476 So.2d 1074, 1075 (La.App. 3rd Cir.1985)) (internal quotes omitted). Additionally, “[w]hat is ‘equitable’ can only be determined on a case-by-case basis which necessarily involves review of the facts involved.” Id.

DISCUSSION

Defendants contest the trial court’s judgment that assessed all costs against them, alleging the trial court erred in taxing costs not authorized by statute or jurisprudence. Defendants specifically claim the trial court erred in awarding costs where (1) the trial court assessed costs without sufficient proof of evidence; (2) depositions were not introduced into evidence at trial; (3) expert witnesses did not testify at trial; (4) expert witnesses assisted in only trial consultation; (5) expert fees were excessive; and (6) itemization of expert fees lacked specificity.
As the prevailing party, Ms. Butler may be awarded costs by the trial court pursuant to La. C.C.P. art. 1920, which states:
*574 Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party as it may consider equitable.
(emphasis added). A reading of La. C.C.P. art, 1920 demonstrates that although the general rule is to tax the party cast in judgment, the statute also affords the trial court the discretion to tax costs in a different manner based on equity. Specifically, courts have previously held that “a prevailing party may be taxed with costs ‘if that party in some way incurred additional costs pointlessly or engaged in | ¿other conduct which would equitably justify the prevailing parly being assessed.’ ” Phillips, 10-1484, p. 7, 68 So.3d at 651 (quoting Williams v. Wiggins, 26,060, p. 7 (La.App. 2 Cir. 8/17/94), 641 So.2d 1068, 1074).
Defendants do not allege that Ms. Butler engaged in a pattern of behavior that caused additional costs to be incurred. Moreover, the record before us does not compel a different result. There, is nothing to indicate Ms. Butler incurred costs pointlessly or engaged in behavior justifying assessment of costs against her. On this basis, we find no abuse of discretion in the trial court’s adherence to the "general rule that all costs are borne by the party cast in judgment.
Even so, Defendants contend the taxing of all costs against them is excessive and not supported by positive law. We address below Defendants’ claims on appellate review as it relates to sufficiency of the evidence, deposition costs, and expert fees.

Sufficiency of the Evidence

At the outset, Defendants challenge the adequacy of the evidence of Ms. Butler’s expenses. Defendants allege that the itemized list of expenditures Ms. Butler submitted as evidence without inclusion of the accompanying receipts and invoices? as well as proof of payment is inadequate to justify awarding Ms. Butler all requested costs.' Defendants assert that because Ms. Butler’s submission is insufficient the trial court abused its discretion.
In an effort to resolve the dispute and prior to the hearing on the motion, Ms. Butler provided Defendants with copies of receipts and additional information | ^explaining the ledger entries. Ms. Butler also noted in her supplemental memorandum and at the hearing that the supporting documentation was not offered into evidence to avoid incurring additional costs. Despite having provided Defendants a copy of all supporting documentation, Ms. Butler expressed her willingness to offer the documentation at the hearing. However, due to the expense, she requested that , the trial court include any costs associated with the attachment of those exhibits in any award of costs.
Defendants argue that the additional supporting evidence was never submitted to the trial court for its consideration. However, Defendants do not assert that the cost payments were not made. Nor, do Defendants cite any case law indicating that the evidence Ms. Butler submitted to the trial court is insufficient for a determination of taxable costs. Cf., Certain St. Bernard Par. Gov’t Computer Disks v. St. Bernard Par. Gov’t ex rel. Ponstein, 13-1054, p. 6-7 (La.App. 4 Cir. 12/18/13), 130 So.3d 56, 60 (a rule to tax costs supported by an itemized list of costs and a sworn affidavit satisfied the itemization and evidence requirements of Hardy v. Bye, 280 So.2d 663 (La.App. 4th Cir.1973)); Saden, 01-2253, p. 3, 826 So.2d at 561 (plaintiffs submitted itemized list of expenditures as evidence in support of their motion to tax costs).
*575 Ms. Butler supplied the trial court with a rule to tax costs supported by an itemized list of expenditures. She also attached the Firm Administrator’s sworn affidavit attesting to the costs claimed and their accuracy. The record does not indicate that either the itemized lists of expenditures or the sworn áffidavit' were 17officiaIly introduced into evidence at the hearing. Nevertheless, 'the documents were attached as exhibits to Ms, Butler’s motion, referenced by both parties in their pleadings, and relied upon by both parties at the hearing. Additionally, Defendants on appeal do not assign as error any failure on Ms. Butler’s part to properly introduce into evidence the list of expenditures or the supporting affidavit. Moreover, the trial court considered both exhibits when it ruled on Ms. Butler’s motion. Thus, the trial court found there was sufficient proof of Ms. Butler’s costs. Consequently, we find no merit to this argument.

Deposition Fees.

Defendants aver “that the only costs taxable against a litigant are those provided for by positive law.” Delaney v. Whitney Nat. Bank, 96-2144, 97-0264, p. 18 (La.App. 4 Cir. 11/12/97), 703 So.2d 709, 720. La. R.S. 13:4533 establishes the “positive law” governing taxable costs, which states:
The costs of the clerk, sheriff, witnesses’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Id. (emphasis added). Defendants state that case law interpreting La. R.S. 13:4533 “authorize[s] only expenses -incurred for witnesses and exhibits that were actually used and necessary ‘on- the trial’ to be properly taxable as costs.” Therefore, Defendants claim that the trial court improperly taxed costs for depositions not introduced at trial.
The express language of La. R.S. 13:4533 suggests a broader interpretation than Defendants- submit to this Court. The statute sets forth specific allowances as to costs. Nevertheless, the, statute’s concluding phrase — “all costs allowed by the Iscourt” — indicates the legislature’s intent to ultimately give deference to the judiciary. We previously noted that:
Generally, the statute’s “on the trial” clause has been read to mean that a transcript is taxable only if offered into evidence ... However, this Court has recognized that costs “necessary to bring [a] case to trial,” though not expressly offered into evidence, are within the triar court’s discretion to tax. See Tipton v. Campbell, 08-0139, p. 27 (La.App. 4 Cir. 9/24/08), 996 So.2d 27, 45.
Certain St. Bernard, 13-1054, p. 4, 130 So.3d at 59 (emphasis added). In Saden, 01-2253, p. 8, 826 So.2d at 563, this Court reasoned that “[t]he district court judge is in a better posture to detérmine what was used at trial and what was not.”
In the present case, the trial' court judge stated he was an active “participant” from “day one,” and “vividly” recalled the trial We find the costs necessary to bring the present case to trial was within the trial court’s discretion to' tax. Therefore, we cannot say the trial court erred in this regard.

Expert Fees

Defendants also cite La. R.S. 13:3666 to argue, that compensation is authorized only for experts who testify at trial. La. R.S. 13:3666(A) states:
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and-' to state the results thereof, shall receive additional com *576 pensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
(emphasis added).
“Experts are only entitled to reasonable fees and related costs.” Wing-field v. State ex rel Dept. of Transp. and Development, 03-1740, p. 6 (La.App. 1 Cir. 5/14/04), 879 So.2d 766, 770. The trial court may consider several factors in setting the expert fees and related costs including:
the time spent testifying at trial, time spent in. preparatoiy work for |9trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments, and skill of the expert. Additional considerations include the helpfulness of the expert’s testimony to the court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases.
Id. (citing Samuel v. Baton Rouge General Medical Center, 99-1148, p. 8 (La.App. 1 Cir. 10/2/00), 798 So.2d 126, 132). Although experts may be compensated for work in preparation for trial, consultations that only assist the attorney in his preparation for trial are not recoverable. Id. (citing Smith v. Roussel, 00-1672, p. 6 (La.App. 1 Cir. 6/22/01), 808 So.2d 726, 731). “Experts who testify by deposition may also have their fees taxed as costs, provided that their depositions have been introduced as evidence.” Id. (citing Smith, 00-1672, p. 6, 808 So.2d at 730-31). Additionally, “the trial court may rely upon its own in-court observations and experiences, without further proof’ Id. (citing Wampold v. Fisher, 01-0808, p. 2-3 (La.App. 1 Cir. 6/26/02), 837 So.2d 638, 640).
Defendants allege that certain experts included in Ms. Butler’s itemized list of expenditures did not testify at trial including a nurse, doctors on the medical review panel, experts for Ms. Butler, and experts for Defendants. Defendants claim the fact that none of these experts or their depositions was used at trial proves that the trial court awarded expert fees in an “indiscriminate” manner. We disagree.
In Saden, 01-2253, p. 3, 826 So.2d at 560-61, the defendant insurance company similarly argued that La. R.S. 13:3666 authorized recovery of expenses only for expert witnesses who participate at trial, Disagreeing with the insurance company’s interpretation, we held that the trial court has the “discretion to fix any additional compensation as far as witnesses are concerned. The statute does not speak solely for those witnesses who only participate at trial.... ” Id., 01-2253, p. |1(⅜4, 826 So.2d at 561. Our interpretation of La. R.S. 13:3666(A), as noted in Saden, is supported by the express language of La. C.C.P. art. 1920. “The law is clear that [La. C.C.P.] art. 1920 utilizes the language ‘shall’ and ‘may’ in order to distinguish what is mandatory and what is optional when determining costs.” Saden, 01-2253, p. 10, 826 So.2d at 564. “La. C.C.P. art. 1920 grants the trial court broad discretion to assess whatever costs the court considers equitable.” Delaney, 96-2144, 97-0254, p. 17, 703 So.2d at 720.
Moreover, jurisprudence from our fellow circuits echoes our reading of La. C.C.P. art. 1920 and La. R.S. 13:3666. Arrington v. Galen-Med, Inc., 02-784, p. 4-5 (La.App. 3 Cir. 2/5/03), 839 So.2d 429, 431-32 (finding because the medical review panel opinion was entered into evidence the plaintiff was entitled to the costs of depositions taken that aided the medical review panel’s rendering of an opinion); Wampold, 01-0808, p. 2-3, 837 So.2d at 640 (the *577 “trial court may rely upon its own in-court observations and experiences, without further proof’); See also Phillips, 10-1484, p. 7, 68 So.3d at 661 (determination of what costs are reasonable depends on the facts involved).
Defendants also contest the award for costs of expert fees and depositions of expert witnesses who did testify at trial. Defendants assert that because these experts testified at trial their depositions were not entered into evidence and therefore, are not taxable. As discussed, costs necessary to bring a case to trial, though not expressly introduced into evidence, are within the trial court’s discretion to tax. This rule of law underscores the principles of discover. In Dominion Expl. & Prod., Inc. v. Waters, we stated:
“The purpose of discovery is to afford all parties a fair opportunity to obtain facts pertinent to litigation, to discover true facts, and compel disclosure of such facts wherever they may be found ... Not only may [1T discovery be had on any relevant matter involved in a pending action, but it may be had of any matter even if inadmissible at trial, which is reasonably calculated to lead to the discovery of admissible evidence.”
Id., 07-0386, 07-0287, p. 15-16 (La.App. 4 Cir. 11/14/07), 972 So.2d 350, 361 (internal citations omitted).
It follows then that costs associated with the taking of deposition testimony of experts who actually testify at trial are likely to be considered necessary to bring a case to trial — if for no other purpose but to discover true facts to present at trial through witness testimony. Aside from the assertions made in the appellate briefs, we find the record devoid of proof as to which experts testified at trial and which depositions were used on the trial. The record lacks the record of trial, including the trial transcript and exhibits. Thus, we find the trial court judge is in a better posture to determine what costs were necessary to bring the case to trial.
As to Ms. Butler’s expert witnesses who testified at trial, Defendants claim that charges for “trial preparation or discovery phase proceedings ... are not properly taxable.” Further, Defendants argue that the charges are grossly out of proportion with the length of their actual trial testimony. La. R.S. 13:3666(A) permits the trial court to assess “additional compensation” within its discretion. In addition to the factors noted above, courts have held that a trial court may tax as costs “the reasonable cost of time spent by the expert in gathering facts necessary for his testimony but not for time spent in consultation which only assists the attorney in preparation of litigation.” Saden, 01-2253, p. 7, 826 So.2d at 562-63 (emphasis in the original).
Defendants contend that the itemized list of expenditures does not specify the nature of each charge or with which expert the charge is associated. | ^Defendants contend there is no way for the trial court to accurately determine whether the expenses refer to experts who testified at trial, experts who spent time in preparatory work for trial, or experts who assisted with trial consultation. Defendants suggest that this Court only consider the “facially awardable” costs represented in the itemized list.
On appeal, Défendants have the burden of proving that the trial court erred in awarding costs associated with the expert witnesses. This Court is unable to discern from the record which instances were solely consultation and/or time spent in preparation necessary for testimony. The present record, without the record of the trial, is lacking. The absence of this information is compounded by the fact that the trial court did not offer a particularized *578 basis for its judgment. In the record’s current posture, we do not have sufficient information to render a proper review. Nevertheless, the trial court judge acknowledged that he was an “active” participant from “day one” and “vividly” recalled the trial. Given the trial court judge may rely on his observations to assess costs, we find the trial court is iñ a better position to determine reasonable costs. Further, in light of the 'various factors which the trial court may consider in assessing reasonable expert fees, we cannot say the trial court’s award was in error. Accordingly, we find Defendants have failed to demonstrate that the trial court erred in its assessment of costs.[1]

DECREE

On appeal, Defendants had the burden of proving the trial court abused its discretion in assessing all requested costs against them. Additionally, | ^jurisprudence interpreting the statutes relative to the taxing of costs defers to the trial court’s determination of what is equitable. We find the record before us lacks sufficient evidence, including the record of the trial, for this Court to reverse the trial court’s award of costs. Therefore, we find no abuse of discretion in the trial court’s adherence to La.C.C.P. art. 1920 by taxing all costs against Defendants as the party cast in judgment.- For the foregoing reasons, we affirm the trial court judgment taxing Defendants with costs totaling $154,470.37 in favor of Ms. Butler.
AFFIRMED

. Defendants also claim travel expenses of experts, are not taxable costs. The express language of La. R.S. 13:3666 does not permit an award of travel expenses and "[t]here is no statutory authority for the recovery of travel expenses to an out-of-state witness.” Arring-ton, 02-784, p. 8, 839 So.2d at 434. However, because the trial court has the' discretion to award costs as it deems equitable, we pre-termit further discussion of the travel expenses.