Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,950-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DANNY AND DEBORAH                          Plaintiffs-Appellees
FLANAGAN

versus

TAMMY BRYAN AND JAMES                      Defendants-Appellees
WADE SMITH

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2019279

Honorable Sharon Ingram Marchman, Judge

* * * * *

TAMMY BRYAN                                Appellee,
                                          In Proper Person


JAMES WADE SMITH                          Appellee,
                                          In Proper Person


OFFICE OF FAMILY SERVICES                 Counsel for Appellant,
By: Sheri Lynn Stapleton                  State of Louisiana DCFS,
                                          Child Support
                                          Enforcement


DANNY FLANAGAN                            Appellee,
                                          In Proper Person

DEBORAH FLANAGAN                          Appellee,
                                          In Proper Person


* * * * *


Before PITMAN, STONE, and BODDIE *(Pro Tempore)*, JJ.

**STONE, J.**

This case arises from a child support action in the Fourth Judicial District Court. The appellant in this case is the State of Louisiana, through the Department of Children and Family Services ("DCFS"). DCFS asserts that the trial court erred in assessing the costs of service of process to DCFS in connection with the DCFS filing of a statutory notice that it would be substituted as payee pursuant to its provision of child support enforcement services. For the reasons stated herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Danny and Deborah Flanagan (collectively, "the grandparents") are the grandparents of the two minor children who are the subjects of the proceeding. The grandparents were granted sole custody of the children. Also, the court awarded the grandparents child support from the children's biological parents, Tammy Bryan and James Smith. A judgment reflecting the award of custody and child support was signed August 13, 2019.

On September 26, 2019, DCFS received and accepted a request from the grandparents for child support enforcement services. On October 9, 2019, DCFS filed in the trial court notice as prescribed under La. R.S.46:236.2(A)(3) (hereinafter, the "La. R.S. 46:236.2 notice"). Afterward, the trial court issued an order recognizing DCFS as the new payee, and an order fixing a Uniform District Court Rule 31.4 "status conference." These orders were both on the same sheet of paper.

After the "status conference," which DCFS characterizes as a "hearing", the hearing officer for the trial court issued recommendations that the child support be made payable to the state retroactive to October 9, 2019, the day DCFS filed the notice. The hearing officer also recommended that

cash medical support orders be added to the judgment, and that DCFS be taxed with the service costs of the proceeding. DCFS objected to being taxed with the service costs of the proceeding, but the trial judge denied the objection and rendered judgment accordingly. DCFS filed a motion for rehearing, which the trial court also denied. The trial court issued written reasons for judgment, and DCFS now appeals.

## DISCUSSION

DCFS argues that the taxing of service costs against it was in error, because DCFS's filing did not necessitate the service of process. DCFS claims that the court, on its own motion, ordered that the status conference/hearing be held, and it was the court that necessitated the service. The trial court, in its reasons for judgment, stated that ordering a status conference did not increase the costs of service. More specifically, the trial court explained that it taxed the service costs to DCFS because: (1) it was DCFS's filing of the La. R.S.46:236.2(A)(3) notice that, by statute, necessitated the service of the La. R.S.46:236.2(A)(3) notice; and (2) the notice for the status conference did not increase service costs because it was served together with the La. R.S.46:236.2(A)(3) notice.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. La. C.C.P. art. 1920. A trial court's decision regarding the assessment of costs is subject to abuse of discretion review. *Butler v. Louisiana Mut. Med. Ins. Co.*, 2015-1191 (La. App. 4 Cir. 5/25/16) 195 So. 3d 570. However, findings of fact are subject to manifest error review. *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC,* 2014-2592 (La. 12/8/15), 193 So. 3d 1110.

2

In relevant part, La. R.S.46:236.2 provides:

A. (1) Pursuant to 42 U.S.C. 654b(a)(1)(A), the department is authorized to receive and disburse support payments for any obligee when an individual has applied for support enforcement services…Except as provided in this Section, the department is not required to seek an amendment to the support order, file a motion to intervene, or subrogate itself to the rights of the obligee to exercise its standing as independent party.

(2) To carry out and effectuate the purposes and provisions of this Section and 42 U.S.C. 666(c)(1)(E), **the department shall administratively change the payee of a support order to the department. Such change shall not occur until the department has provided notice of the change to all parties under this Subsection.**

(3) If a court has ordered support payments to be made to an obligee, the department shall, on providing notice to the obligee and the obligor, direct the obligor or other payor to make support payments payable to the department and to transmit the payments to the state disbursement unit. **The department shall file a copy of the notice with the court by which the order was issued or last registered. The redirection of payment to the department is effective when mailed to the parties and no further action is necessary for the department to enforce the support order.** The notice shall include all of the following:

(a) A statement that the child's family is receiving support enforcement services.

(b) The name of the child and the obligee for whom support has been ordered by the court.

(c) The docket number and court by which support was ordered or last registered.

(d) Instructions for the payment of ordered support to the department.

(4) The notice shall be sent by regular mail to the obligor and the obligee at the last known address of each as listed in the state case registry...

(5) On receipt of a copy of the notice, the clerk of court shall file the notice in the appropriate case record. **Upon receipt of the notice, the court upon its own motion shall issue an order, as promulgated in the Rules for Louisiana District Courts, recognizing that the department upon mailing of the notice became payee of the support order. The order shall be granted ex parte without contradictory hearing.** *The order shall be served upon the obligor, the obligee, and the department.* (Emphasis added).

3

Pursuant to that authority granted by La. R.S.46:236.2(A)(5), Uniform District Court Rule 31.4 ("Rule 31.4") states:

> When filing a "Notice About Redirection of Child Support Payments" (hereinafter "Notice") pursuant to La. R.S. 46:236.2, the Department of Children and Family Services (hereinafter "DCFS") shall contemporaneously attach a completed Appendix 31.4B Information Form to assist the court in issuing the Order required by La. R.S. 46:236.2. The clerk of court, upon receipt of the Notice and the completed Information Form from DCFS, shall forward both to the court, along with a blank Appendix 31.4A Order to be completed and executed by the court. **Thereafter, the court shall return the Order and Notice to the clerk of court for service. Upon receipt of the signed Order from the court** *and any other Orders added by the court*, **the clerk of court shall file the Order(s) and direct service by the Sheriff of the Order(s) and Notice** upon the payor/obligor, the individual payee/obligee, and DCFS. The assessment of the costs of service shall he deferred, to be determined by the court in future proceedings. (Emphasis added).

Thus, La. R.S. 46:236.2(A)(5) and Rule 31.4 both mandate service of process when DCFS files a La. R.S. 46:236.2 notice – regardless of whether the court orders a hearing. Rule 31.4 indicates that the order fixing the hearing, a discretionary order, is to be served by the sheriff together with the items mandatorily served in all cases wherein DCFS files an La. R.S. 46:236.2 notice. The manner of service and the parties to be served remain the same whether or not the court orders the Rule 31.4 hearing/status conference.

In this case, the order fixing the hearing was on the same sheet of paper as the order recognizing DCFS as the payee. In its written reasons for judgment, the trial court thus found that setting the matter for hearing did not increase the costs of service. The trial court was correct in finding that the service expenses were necessitated entirely by DCFS's filing. We find no

4

abuse of discretion in the trial court's decision to tax costs of service to DCFS.

DCFS forcefully argues that the hearing was unnecessary and procedurally improper. We agree that the hearing (or "status conference") was not statutorily mandated. However, for the reasons already stated, that is of no moment. DCFS makes other arguments as well. All of these arguments are defeated by the fact that the hearing did not increase service costs.

## CONCLUSION

The judgment of the trial court is **AFFIRMED**. Costs of this appeal in the amount of $1,395.14 are taxed to DCFS.